450 So.2d 1027 (1984)
June WELLS, Individually And As Administratrix of the Estate of Steve W. Wells, W.A. Wells, Kenneth E. Wells, Steve Wells, Jr., and Carol Wells
v.
STATE of Louisiana Through DEPARTMENT OF HIGHWAYS, Police Jury of Washington Parish, Vi-Con, Incorporated and Reliance Insurance Company.
No. 83 CA 0706.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
Frank E. Lamothe, III, Michael W. Robinson, New Orleans, for plaintiff-appellant Wells, et al.
*1028 George Lamarca, and E. John Litchfield, New Orleans, for defendant-appellee Reliance Ins. & ViCon, Inc.
John W. King, Atty., D.O.T.D., Legal, Baton Rouge, for appellee Dept. of Transp. and Development.
H.R. Alexander, 22nd Jud. Dist. Court and Wm. J. Knight, Asst. Dist. Attys., for appellee Washing Parish Police Jury.
Before PONDER, WATKINS and CARTER, JJ.
WATKINS, Judge.
This is a tort suit by plaintiffs, the surviving children of Steve Wells, against defendants ViCon, Inc., and its insurer, Reliance Insurance Company. Defendants moved for summary judgment alleging that ViCon was the statutory employer of Steve Wells and that plaintiffs' exclusive remedy was in workers' compensation. The trial court granted the motion for summary judgment and plaintiffs appeal. Finding no genuine issue of material fact, we affirm.
The record shows that ViCon entered into a contract with the State of Louisiana to resurface a highway in Washington Parish. ViCon in turn contracted with Lavon Fortenberry to haul tonnage, which we understand is the material excavated from the construction site. Steve Wells was employed as a truck driver by Fortenberry. Plaintiffs allege that an employee of ViCon negligently directed Wells to drive his truck into a hole causing the truck to overturn and resulting in Wells' death.
The sole issue before us is whether the trial court erred in granting summary judgment on the basis that Wells was the statutory employee of ViCon under LSA-R.S. 23:1061[1] and 1032.[2]
*1029 Plaintiffs contend that because the pleadings and affidavits fail to show that the work being performed by Wells at the time of his injury was part of ViCon's trade, business, or occupation, a genuine issue of material fact exists precluding summary judgment.
Defendants argue that it is immaterial whether the work being performed by Wells was part of ViCon's trade, business, or occupation. They contend that the fact that ViCon contracted to do work and then contracted with another for performance of the work is sufficient to establish statutory employer status.
We agree with defendants' contention. In Fultz v. McDowell, 344 So.2d 410 (La. App. 1st Cir.1977), plaintiff, a bricklayer employed by a subcontractor, brought suit against a general contractor who had undertaken the construction of a home. In sustaining an exception of no cause of action, this court found that since the defendant had contracted to build the house and the bricklaying was part of the contract, under LSA-R.S. 23:1061 plaintiff's exclusive remedy was in workers' compensation.
Similarly, in Barnhill v. American Well Service & Salvage, 432 So.2d 917 (La. App.3d Cir.1983), the court held that a principal is immune from tort liability under LSA-R.S. 23:1032 and 1061 when the principal contracts to do work and then contracts with another party for performance of the work. The court in Barnhill noted that under such circumstances it is immaterial whether the work being performed by the injured employer was part of the principal's trade, business, or occupation.
We find no error in the trial court's conclusion that the pleadings and affidavits show that there is no genuine issue of material fact. In support of the motion for summary judgment defendants introduced the affidavits of Lavon Fortenberry and James Quaid, secretary and treasurer of ViCon.[3] The affidavit of Quaid states that ViCon entered into a contract with the State of Louisiana, that pursuant to the contract it was necessary and essential for ViCon to haul tonnage, and that in order for ViCon to fulfill its obligation ViCon entered into an agreement with Fortenberry to provide services in the form of hauling tonnage.
Plaintiffs introduced no counter-affidavits or other evidence in opposition to defendants' motion for summary judgment. When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations or denials of his pleadings but must set forth specific facts showing there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. LSA-C.C.P. art. 967.
Quaid's affidavit clearly shows that ViCon contracted to do work for the State of Louisiana and then contracted with Fortenberry to perform part of the work. In doing so, ViCon became the statutory employer of Wells. Plaintiffs failed to produce any evidence showing a genuine issue of material fact as to this question. The trial court was therefore correct in granting the motion for summary judgment.
For the above reasons, the judgment of the trial court is affirmed. All costs are assessed against plaintiffs-appellants.
AFFIRMED.
NOTES
[1] LSA-R.S. 23:1061 "Principal contractors; liability" provides:

"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
"Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor."
[2] LSA-R.S. 23:1032 provides:

"Section 1032. Exclusiveness of rights and remedies; employer's liability to prosecution under other laws
"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word `principal' shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
"Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
"The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section."
[3] We note that the affidavit of Fortenberry contained in the record is defective in that it was not executed before a notary but was instead executed before a witness who later acknowledged the act before a notary. However, since the Quaid affidavit is sufficient to resolve all issues of material fact we find it unnecessary to discuss the Fortenberry affidavit.