479 So.2d 7 (1985)
Susan THORNTON
v.
AVONDALE SHIPYARDS, INC., et al.
No. 85-CA-330.
Court of Appeal of Louisiana, Fifth Circuit.
November 12, 1985.
Sheila C. Myers, Gertler & Gertler, New Orleans, for Susan Thornton plaintiff-appellant.
Paul G. Preston, Christovich & Kearney, New Orleans, for Avondale Shipyards, Inc. defendant-appellee.
Keith S. Giardina, Borrello, Huber & Dubuclet, Metairie, for Liberty Mut. Ins. Co. intervenor-appellee.
Before BOUTALL, BOWES and GAUDIN, JJ.
BOUTALL, Judge.
This is an appeal from summary judgment dismissing the plaintiff's claim in tort. We affirm.
Susan Thornton, the plaintiff, was injured when working as an insulator on a hull that was under construction by Avondale Shipyards, Inc. She was employed by Hopeman Brothers, Inc., which had contracted with Avondale to perform certain parts of the construction. Longshoremen and Harborworkers compensation and medical benefits were paid by Liberty Mutual Insurance Company, compensation carrier for Hopeman.
The plaintiff filed suit in tort against Avondale on April 5, 1983. Liberty Mutual intervened for monies paid and to be paid in compensation and medical benefits. Avondale then moved for summary judgment on grounds that Ms. Thornton was a statutory employee of Avondale and her only remedy was in workers' compensation.
The issue before us is whether the trial court correctly granted Avondale's motion for summary judgment.
The trial judge, in his reasons for judgment, stated that a principal contractor is immune from tort suit by an employee of an independent contractor who is performing service that is part of the usual trade, business, or occupation of the principal, and that her remedy lies in workers' compensation. The plaintiff's position is that there remains a genuine issue of fact as to whether the work in which Thornton was engaged for Hopeman was part of the usual trade, business, or occupation of the principal. The defendant takes the position that Avondale, having contracted to build a vessel for United States Trust Company of New York and contracting with Hopeman to do the insulation, need only prove the contractual relationship. It is immaterial whether Ms. Thornton's job was part of Avondale's usual trade, business, or occupation.
*8 The applicable workers' compensation statute, LSA-R.S. 23:1061, provides in pertinent part:
"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; ..."
Section 1061 has been interpreted in a number of cases in accordance with the appellee's position. They point out that the express language refers to two distinct fact situations: one, in which the employer has contracted with the principal to perform work that is part of the principal's trade, business or occupation; and the other in which the principal has contracted to perform some work for a third party and then contracts out all or part of the work to subcontractor-employer. The pertinent language is:
"Where any person ... undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform...." [Emphasis supplied.]
Duvalle v. Lake Kenilworth, Inc. (on remand), 467 So.2d 850 (La.App. 4th Cir., 1984, writ denied 472 So.2d 919 (La.1985) (immunity denied on other grounds); Wells v. State Through Dept. of Highways, 450 So.2d 1027 (La.App. 1st Cir.1984), writ denied 458 So.2d 474 (La.1984). We are in accord with those decisions.
The burden of proof is upon the mover for summary judgment. Even in the absence of formal opposition, the party must show that he is entitled to a summary judgment. Any doubt must be resolved against granting summary judgment. Baker v. Ingram, 447 So.2d 101 (La.App. 4th Cir.1984).
The defendant's memorandum in support of summary judgment asserted that Avondale contracted to build a ship for a third party and, as general contractor, hired Hopeman as subcontractor. As verification Avondale submitted the affidavits of Louis F. Robert, claims supervisor of Liberty Mutual Insurance Company, and of Mignhon Tourne, insurance manager of Avondale, along with the deposition of the plaintiff. Robert's affidavit stated that Hopeman carried a compensation policy with Liberty Mutual on the Hopeman employees who were working on the vessel Zapata under Hopeman's subcontract with Avondale and that the company had paid benefits to Ms. Thornton for her injury. The affidavit of Mignhon Tourne states that Avondale contracted with United States Trust Company of New York as owner trustee to contruct a vessel, and that Avondale later contracted with Hopeman for certain services. Ms. Thornton's deposition stated that she worked for Hopeman and reported to a Hopeman supervisor, although an Avondale employee monitored her work. No other subcontractors were doing insulation work on the vessel.
The plaintiff's defense against summary judgment was based on a discrepancy in affidavits submitted as to the name of the vessel upon which Ms. Thornton was working when injured. However, supplemental affidavits of the defendants attested that the vessel was the same as the one named in Ms. Thornton's petition and deposition. On appeal, the plaintiff abandons the question of identification of the vessel and attacks summary judgment on lack of proof that the activity performed by Hopeman was part of Avondale's trade, business, or occupation.
If the affidavits submitted are sufficient to show that Avondale had contracted to build a ship for a third party, then it need not prove the "part of trade" requirement to be immune. Further, as with other construction projects, a subcontractor's work is automatically conceded to be part of the *9 general contractor's trade if he is in the business of building. In Wells v. State Through Dept. of Highways, supra, the affidavits of two officers of the defendant company were accepted as establishing their contract with the State, that hauling was necessary to fulfill the contract, and that the company had subcontracted its hauling. The appellant has submitted no countervailing documents, other than the deposition of Mrs. Tourne, which clearly outlines the contractual relationship between Avondale and United States Trust Company of New York, and supports a finding that Hopeman was Avondale's subcontractor.
For the reasons stated above, we hold that the trial court was correct in finding that in this case there is no material question of fact and that summary judgment is appropriate. Accordingly, the judgment appealed from is affirmed.
AFFIRMED.