516 So.2d 412 (1987)
AETNA CASUALTY AND SURETY COMPANY
v.
SCHWEGMANN WESTSIDE EXPRESSWAY, INC., Schwegmann Giant Supermarkets and Woodrow Wilson Construction Company, Inc.
No. 86 CA 1285.
Court of Appeal of Louisiana, First Circuit.
November 10, 1987.
Rehearing Denied January 7, 1988.
David K. Johnson, Baton Rouge, for plaintiff-appellant Aetna Cas. and Sur. Co.
John S. White, Jr., Baton Rouge, for defendant-appellee Woodrow Wilson Const. Co., Inc.
Larry S. Bankston, Baton Rouge, for Schwegmann Westside Expressway, Inc. and Schwegmann Giant Supermarkets.
Before GROVER L. COVINGTON, C.J., and SHORTESS and SAVOIE, JJ.
SAVOIE, Judge.
This is a petition for indemnity pursuant to LSA-R.S. 23:1101 and 23:1162(D). Plaintiff, Aetna Casualty and Surety Company (hereinafter Aetna), filed suit against Woodrow Wilson Construction Company, Inc., (hereinafter Defendant) and others *413 seeking reimbursement for worker's compensation benefits and medical expenses paid to Louis Lovisa. Mr. Lovisa was injured on August 6, 1984 while in the course and scope of his employment with D & L Terrazzo and Tile Company (hereinafter D & L). Aetna is the worker's compensation insurer of D & L.
Defendant filed a motion for summary judgment, claiming immunity from tort liability as the statutory employer of Mr. Lovisa. Defendant alleged that it had contracted with Schwegmann Westside Expressway, Inc., to build a Schwegmann store in Baton Rouge; Defendant then entered into a subcontract with D & L for D & L to install a tile floor at the Schwegmann store. The trial court granted the motion for summary judgment without assigning written or oral reasons. Aetna now appeals.
Aetna urges two assignments of error:
(1) the trial court erred in finding that Defendant was entitled to judgment as a matter of law on the basis that it was the statutory employer of Mr. Lovisa, and alternatively,
(2) the trial court erred in finding that there were no genuine issues of material fact.
We will consider Aetna's assignments of error in the following fashion:
1. Does the two-contract theory apply, entitling Defendant to statutory employer status?
2. If so, do the facts support a summary judgment?
Aetna contends that in order to be considered a statutory employer, Defendant must show that the work being performed by Mr. Lovisa at the time of his injury was part of Defendant's trade, business or occupation.
Defendant argues that it is immaterial whether the work being performed by Mr. Lovisa was part of its trade, business, or occupation. Defendant contends that the fact that it contracted to do work and then subcontracted with another (D & L) for the performance of all or part of that work is sufficient to establish statutory employer status.

TWO-CONTRACT THEORY
We agree with Defendant's contention. Defendant is relying on what has been called the "two-contract" statutory employer defense under LSA-R.S. 23:1032 and 23:1061. Berry v. Holston Well Service, Inc., 488 So.2d 934, 936 n. 3 (La.1986). The pertinent language of LSA-R.S. 23:1061 defining statutory employer is: "Where any person ... undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform and contracts with any person ... for the execution ... of the whole or any part of the work...." (Emphasis ours). As explained by the court in Davis v. Material Delivery Service, Inc., 506 So.2d 1243, 1247 (La.App. 1st Cir.1987), under the two-contract theory, a general contractor can be held liable to pay worker's compensation to an employee of a contractor he engages, and thus be immune from suit in tort as a statutory employer.
An examination of the jurisprudence shows that in order to avail itself of the two-contract theory, Defendant must show the following: (1) Defendant entered into a contract with a third party; (2) that pursuant to that contract, work must be performed; (3) that in order for Defendant to fulfill its contractual obligation to perform the work, Defendant entered into a subcontract for all or part of the work. See Wells v. State through Dept. of Highways, 450 So.2d 1027, 1029 (La.App. 1st Cir.), writ denied, 458 So.2d 474 (La.1984).

SUMMARY JUDGMENT
This matter is before us on a motion for summary judgment. In this procedural context, Defendant has the burden to show that no genuine issue of material fact exists and that reasonable minds must inevitably conclude that Defendant is entitled to judgment as a matter of law. Frazier v. Freeman, 481 So.2d 184 (La.App. 1st Cir. 1985). According to the court in Frazier:
On motion for summary judgment, it must first be determined that the supporting documents presented by the moving *414 party are sufficient to resolve all material issues of fact; if they are not sufficient, summary judgment should be denied. It is only if they are sufficient that the burden shifts to the opposing party to present evidence that a material fact is still at issue; only at this point may the adverse party no longer rest on the allegations contained in his or her pleadings.

. . . . .
While C.C.P. art. 966 and 967 do not mandate the filing of documentary evidence in support of or in opposition to a motion for summary judgment, if the existence of a particular document and a particular provision (or lack of it) in that document is asserted as the sole grounds entitling mover to summary judgment, mover fails to meet his burden by resting on the bald allegation of the document's existence and alleged wording. Frazier, 481 So.2d at 186. (Citations omitted).
In this case, in support of its motion for summary judgment, Defendant submitted a copy of the contract between Defendant and Schwegmann, the affidavit of W. Kurt Wilson which says that the copy is a correct copy of the contract for construction of a Schwegmann store, and the deposition of Mr. Lovisa, to which is attached the subcontract between D & L and Defendant.
The pertinent part of the contract dealing with the work Defendant was to perform for Schwegmann reads as follows:

ARTICLE 2

THE WORK
The Contractor shall perform all the Work required by the Contract Documents for (here insert the caption descriptive of the Work as used on other Contract Documents.)
 Schwegmann Giant Super Markets
 Sherwood Forest Store
 5959 Sherwood Forest Blvd.
 Baton Rouge, LA 70809
Defendant did not attach the contract documents which would show the work to be performed by Defendant under the contract. Because Defendant must show that it contracted out some of the work to be performed under the general contract, we must know what the work to be performed under the general contract is; the work to be performed could either be set forth in the contract itself or by an affiant who has personal knowledge and is competent to testify about the contract. See La.C.C.P. art. 967.
In those cases wherein the two-contract statutory employer defense was upheld on a motion for summary judgment, the mover submitted proof of the elements of the two-contract theory as we set forth earlier.[1]
Defendant relies on the deposition testimony of Mr. Lovisa to establish that the work D & L was doing for Defendant was in furtherance of Defendant's contractural obligation to Schwegmann. This is not sufficient proof. There is nothing in the record to show that Mr. Lovisa has personal knowledge of the contract between Defendant and Schwegmann, an agreement to which he was not a party. Further, Defendant cannot simply rest on the allegations in its pleadings that the contract was a construction contract. Nor can Defendant rely on the general statement in the affidavit of Mr. Kurt Wilson that the contract was a construction contract. For these reasons, Defendant has failed to establish the absence of any issues of material fact, and its motion for summary judgment should have been denied. Accordingly, *415 for the foregoing reasons, the judgment of the trial court granting Defendant's motion for summary judgment is reversed; the case is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed against Defendant.
REVERSED AND REMANDED.
NOTES
[1] See Wells v. State, 450 So.2d 1027 at 1029; Albin v. Red Stick Constr. Co., Inc., 509 So.2d 110 (La.App. 1st Cir.1987); Borne v. Ebasco Services, Inc., 482 So.2d 40 (La.App. 5th Cir.), writ denied, 486 So.2d 755 (La.1986); Jurls v. Lama Drilling Co., Inc., 457 So.2d 135 (La.App. 2nd Cir.), writ denied, 460 So.2d 1045 (La.1984); Richard v. Weill Const. Co., Inc., 446 So.2d 943 (La.App. 3rd Cir.), writ denied, 449 So.2d 1356 (La.1984); Thornton v. Avondale Shipyards, Inc., 479 So.2d 7 (La.App. 5th Cir.1985); and Barnhill v. American Well Service & Salvage, Inc., 432 So.2d 917 (La.App. 3rd Cir.1983). For a case wherein the trial court's granting of a summary judgment based on the two-contract theory was reversed on appeal due to lack of sufficient proof, see Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981).