CRAIN, Judge.
Barriere Construction Company (Barri-ere) entered into a contract with the State of Louisiana, Department of Transportation and Development (DOTD). Pursuant to the contract Barriere was required to supply asphalt concrete to be used on state roadways. Barriere contracted with Barry L. Moore & Associates, Testing Laboratory (Moore) for the services of a certified asphalt concrete technician. Plaintiff, Alva H. Hope, a certified asphalt concrete technician, allegedly suffered injuries during the course and scope of his employment by Moore. The injuries occurred at the asphalt concrete plant owned and controlled by Barriere. Plaintiff instituted this tort action against Barriere and DOTD. Commercial Union Insurance Company, the worker’s compensation insurer, intervened. Barriere answered the petition asserting its status as plaintiff’s statutory employer. Subsequently, Barriere filed a motion for summary judgment which was granted by the trial court. Intervenor has appealed alleging that the trial court erred in attributing to Barriere the status of statutory employer.[1] Additionally, plaintiff alleges that the summary judgment was erroneously granted due to the existence of genuine issues of material fact.
STATUTORY EMPLOYMENT
A motion for summary judgment should be rendered where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. La.C.C.P. art. 966.
The exclusive remedy of an injured worker against a principal or statutory employer is worker’s compensation. Thus, a statutory employer is immune from the tort claims of his injured employee. La. R.S. 23:1032 and La.R.S. 23:1061. A “principal” is “any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.” La.R.S. 23:1032.
In order for Barriere to succeed in its motion for summary judgment it must be certain that the work undertaken by Moore (1) was part of Barriere’s trade, business or occupation and Barriere was engaged in that trade, business or occupation at the time of the injury; or (2) was work which Barriere had contracted to perform. La.R. S. 23:1061. Berry v. Holston Well Service, Inc., 488 So.2d 934, 936 n. 3 (La.1986); Lewis v. Exxon Corp., 441 So.2d 192 (La.1983) (on rehearing); Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981); Albin v. Red Stick Construction Company, Inc., 509 So.2d 110 (La.App. 1st Cir.1987); Wells v. State Department of Highways, 450 So.2d 1027 (La.App. 1st Cir.), writ denied, 458 So.2d 474 (La.1984).
Plaintiff contends that Barriere is not a statutory employer because Barriere *355 contracted to provide, not perform, the services of a certified asphalt concrete technician. In support of its motion for summary judgment Barriere introduced the affidavit of Betty A. Wilson, corporate officer for Barriere. The affidavit and evidence shows that Barriere entered into a contract with DOTD. The subject of the contract was the construction of asphalt concrete roadways. The contract in part provided that Barriere was to supply the asphalt concrete used on the roadways; the concrete mixture was required to meet quality control specifications enumerated in the document entitled “Application of Quality Control Specifications for Asphaltic Concrete Mixtures” which was incorporated into the contract and attached to the affidavit. In conformity with the quality control specifications of the primary contract Bar-riere’s certified asphalt concrete technician was required to test the concrete to determine whether it met with acceptable standards. Barriere subcontracted the quality control testing to Moore. The work performed by Moore was in furtherance of Barriere’s contractual obligation to DOTD. Plaintiff introduced no counter-affidavit or other evidence in opposition to Barriere’s motion for summary judgment.
When a motion for summary judgment is made and supported by affidavits and documents referred to in the affidavits, an opposing party may not rest on the mere allegations or denials of his pleadings. He must set forth specific facts to show the existence of a genuine issue for trial, otherwise, summary judgment, if appropriate, shall be rendered against him. La.C.C.P. art. 967; Wells ¶. State Department of Highways, 450 So.2d at 1029.
We have reviewed the record and conclude there is no issue of material fact and Barriere is entitled to summary judgment. The judgment of the trial court is affirmed. Costs of this appeal are assessed against appellant.
AFFIRMED.

. Plaintiff apparently thought he appealed since he refers to himself as appellant in his brief.