973 So.2d 819 (2007)
Dennis LOPEZ and Carolyn Lopez
v.
US SPRINT COMMUNICATIONS COMPANY, ABC Construction Company and XYZ Corporation.
No. 2007-CA-0052.
Court of Appeal of Louisiana, Fourth Circuit.
December 5, 2007.
*821 Patrick H. Hufft, J. Thomas Beasley, Hufft & Hufft, APLC, New Orleans, LA, for Plaintiff/Appellant.
Jacqueline G. Griffith, Charles O. Taylor, Carl L. Aspelund, Chehardy Sherman Ellis Murray Recile Griffith Stakelum & Hayes, LLP, Metairie, LA, for Defendant/Appellee.
(Court composed of Judge DENNIS R. BAGNERIS, SR., Judge TERRI F. LOVE, Judge EDWIN A. LOMBARD).
TERRI F. LOVE, Judge.
This appeal arises out the March 2002 injury of Mr. Dennis Lopez while in the course and scope of his employment with Sharp Electric, Inc. Mr. Lopez was performing electrical work pursuant to a subcontract agreement that Sharp Electric, Inc. entered into with Winter Construction Company to provide electrical and fire protection work. Winter Construction Company entered into an agreement with U.S. Sprint Communications Company to act as a general contractor on a construction project on a building owned by U.S. Sprint Communications Company. U.S. Sprint Communications Company filed a motion for summary judgment, asserting that it was immune from tort liability, which the trial court granted. We find no genuine issues of material fact and affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Plaintiffs/appellants, Dennis and Carolyn Lopez, alleged that Dennis Lopez ("Mr. Lopez"), was injured when he was employed by Sharp Electric, Inc. ("Sharp") and working on the renovation of a building owned by U.S. Sprint Communications ("Sprint"), located at 3100 Eads Street in New Orleans, Louisiana. Mr. Lopez was performing electrical and fire protection work pursuant to a contract that Sharp entered into with Winter Construction Company ("Winter"). Mr. Lopez was *822 climbing down a ladder, the only means of egress from the second floor, when he stepped back and fell into a large hole and suffered injuries.
Sprint moved for summary judgment on the grounds that it was immune from tort liability to the plaintiffs. Sprint maintained that it had entered into a general contract with Winter to renovate the building. Winter, in turn, entered into a subcontract with Sharp, Mr. Lopez's direct employer, to perform fire protection and electric work, which was contemplated by the contract between Sprint and Winter. The trial court granted the motion for summary judgment.

STANDARD OF REVIEW
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ. Proc. art. 966(B). Summary judgment is favored and shall be construed "to secure the just, speedy, and inexpensive determination of every action." La.Code Civ. Proc. art. 966(A)(2).
The mover bears the initial burden of proof to show that no genuine issue of material fact exists. Id. A fact is material if it is essential to a plaintiffs cause of action under the applicable theory of recovery, without which the plaintiff could not prevail. Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691, 699 (La. App. 4th Cir.1992). However, if the mover will not bear the burden of proof at trial, he need not negate all essential elements of the adverse party's claim, but he must point out that there is an absence of factual support for one or more elements essential to the claim. La.Code. Civ. Proc. art. 966(C)(2). Once the mover has met his initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. Id.
Appellate courts are to review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Champagne v. Ward, 03-3211, p. 4 (La.1/19/05), 893 So.2d 773, 776. In Coto v. J. Ray McDermott, 99-1866 (La.App. 4 Cir. 10/25/00), 772 So.2d 828, this Court discussed the standard for reviewing an appeal of a motion for summary judgment. This Court stated that "[i]n determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence." Id., 99-1866 at p. 4, 772 So.2d at 830.
Based on the foregoing, this Court must conduct a de novo review to determine whether the trial court committed error in granting summary judgment in favor of Sprint. In conducting the review, this Court must construe any factual inferences drawn from the evidence in favor of the plaintiffs, who are opposing the motion for summary judgment.

IMMUNITY FROM TORT LIABILITY
Winter filed a motion for summary judgment, claiming that it should be afforded the protections of the exclusive remedy provision of the Workers' Compensation Act in that Winter was the statutory employer of Mr. Lopez. The district court subsequently released Winter from the suit. Likewise, Sprint claimed immunity from liability from tort in a filed motion for summary judgment and argued that the exclusive remedy to plaintiffs is under the workers' compensation laws of Louisiana. *823 This motion for summary judgment was also granted.
The plaintiffs argue that the district court committed reversible error in granting Sprint's motion for summary judgment. The plaintiffs deny that Mr. Lopez was a statutory employee of Sprint, and argue that summary judgment should have therefore been denied.
The plaintiffs also aver that the district court misapplied the theory of immunity from tort liability. We focus on the issue of whether there was a genuine issue of material fact concerning Sprint's liability to the plaintiffs in tort.
In its motion for summary judgment and supporting memorandum, Sprint argued that the terms of the contract of construction entered into with Winter require Winter to provide defense and indemnification to Sprint for the claims of the plaintiffs. Section 3.18.1 of the amended contract between Sprint and Winter reads as follows:
To the fullest extent permitted by law, the Contractor will indemnify and defend Owner, Architect, and their respective consultants, agents and employees (Indemnitees) from all claims costs, damages, losses, expenses, liability, proceedings, suits, judgments, and reasonable attorneys' fees (Damages), arising out of or resulting from performance or nonperformance of the Work or the Contract attributable to:
1. bodily injury,
2. physical injury to destruction of tangible property, including loss of use of that property,
3. working on or near a clean agent fire suppression system, and
4. personal and advertising injury liability
To the extent caused in whole or in part by acts or omissions, including breach of the Contract by Contractor, subcontractor(s), anyone directly or indirectly employed by them, or anyone for whose acts or omissions they may be liable, regardless of whether or not the Damages are caused in part by an Indemnitee. . . . The Contractor's liability under this Paragraph shall be limited to the insurance coverage provided by the contractor pursuant to this agreement (Emphasis added).
The Louisiana workers' compensation legislation reflects a compromise between the competing interests of employers and employees: the employer gives up the defense it would otherwise enjoy in cases where it is not at fault, while the employee surrenders his or her right to full damages, accepting instead a more modest claim for essentials, payable regardless of fault and with a minimum of delay. Id. Specifically, the workers' compensation law of Louisiana is included in La.Rev. Stat. § 23:1032, and provides:
A. (1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.

*824 (b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
(2) For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
La.Rev.Stat. § 23:1032. Thus, if Sprint is considered Mr. Lopez's statutory employer, Sprint's responsibility will be limited to workers' compensation benefits and it is immune from tort liability.
The law of statutory employer immunity in Louisiana is governed by La.Rev.Stat. § 23:1061(A), which states:
A. (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any "principal" as defined in R.S. 23:1032(A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. For purposes of this Section, work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.
(2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.
(3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.
B. When the principal is liable to pay compensation under this Section, he *825 shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor. (Emphasis added).
La.Rev.Stat. § 23:1061(A).
The corollary statutory provision, La. Rev.Stat. 23:1032, defines "principal" as "any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or, which he had contracted to perform and contracts with any person for the execution thereof." (Emphasis added). The statute further provides that the rights and remedies granted to an employee or his dependent under the Act shall be "exclusive of all claims, including any claims that might arise against his employer, or any principal." La.Rev.Stat. 23:1032.
Plaintiffs aver that because Sprint is not obligated to two contracts, it may not be afforded the statutory employer defense. While, given the relationship among the parties, Sprint's reliance on the "two-contract" statutory employment defense is misplaced, but the "two-contract" defense is not the sole statutory employer defense to tort liability.
In response to a tort action, Section 1061 encompasses two alternative threshold bases for the statutory employer defense: (1) contracting by a principal with another for the execution of work which is part of the principal's trade, business or occupation; or (2) contracting by a principal with another to perform all or any part of the work which the principal is contractually obligated to perform." Thomas v. State, Dept. of Transp. and Development, 27,203, p. 4 (La.App. 2 Cir. 10/12/95), 662 So.2d 788, 792 (citing Freeman v. Moss Well Serv. Inc., 24,501, (La. App.2d Cir.2/24/93), 614. So.2d 784, 786). The latter situation . . . is commonly referred to as the "two-contract" defense. Id.
"The purpose behind the `two contract' theory is to establish a compensation obligation on the part of a principal who contractually obligates itself to a third party for the performance of work and who then subcontracts with intermediaries whose employees perform all or any part of the work." Thomas, 27,203, p. 4, 662 So.2d 788, 792. "In return for its compensation obligation, such a principal is then insulated from tort liability." Id. Further, the "two contract" statutory employment defense contemplates relationships among at least three parties: a general contractor, hired by a third party to perform a specific task; a subcontractor, hired by that general contractor; and an employee of the subcontractor. Thomas, 27,203, p. 4, 662 So.2d at 792 (citing Freeman v. Moss Well Sera Inc., 24,501, (La. App.2d Cir.2/24/93), 614 So.2d 784, 786). In Allen v. Ernest N. MorialN.O. Exhibition Hall Authority, 02-1072, p. 8 (La.4/9/03), 842 So.2d 373, 379, the Louisiana Supreme Court discussed the "two contract" theory of the statutory employer defense. The Court stated:
The "two contract" defense applies when: (1) the principal enters into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in order for the principal to fulfill its contractual obligation to perform the work, the principal enters into a subcontract for all or part of the work performed. Id.; Beddingfield v. Standard Construction Company, 560 So.2d 490, 491-492 (La. App. 1 Cir.1990); Aetna Casualty and Surety Company v. Schwegmann Westside Expressway, Inc., 516 So.2d 412, 413 (La.App. 1 Cir.1987). (Emphasis added).
*826 Sprint entered into one contract with Winter, to act as a general contractor on the subject job. Winter was obligated to two contracts-Winter contracted with Sprint and with the employer of Mr. Lopez, Sharp, to fulfill its contractual obligation to Sprint. Given that, Sprint does not occupy the position of a principal contractually obligated to a third party to perform the work. Thus, application of the "two-contract" statutory employer defense is precluded under the instant facts given the relationship of the parties.
Alternatively, Sprint claims exemption from liability on the grounds that the renovation project lies within Sprint's "trade, business, or "occupation." Thus, Sprint claims to be Mr. Lopez's statutory employer and only potentially liable for workers' compensation payments while enjoying immunity from liability in tort. The plaintiffs argue that the work being performed by Mr. Lopez was not part of Sprint's trade, business or occupation.
"A `principal' (or statutory employer) for purposes of the Act is any person who undertakes to carry out any work which is a part of his trade, business or occupation by means of a contract with another (the `trade, business or occupation' defense)." Allen, 02-1072, p. 7-8, 842 So.2d at 378. The law presumes the contract to be within the trade, business or occupation of the principal. Id. Further, a principal who contracts with another to perform work that is part of the principal's "trade, business or occupation," is liable to pay workers' compensation benefits to any employee of the contractor who is injured while performing such work. Thomas, 27,203, p. 4, 662 So.2d at 792 (citing La.Rev.Stat. 23:1061). In such instances, the principal is referred to as a statutory employer, and "[b]ecause of the exclusiveness of the compensation remedy, statutory employers have also been afforded immunity from tort liability for work related injuries suffered by the employees of their various contractors even though these statutory employers never actually pay any worker's compensation benefits." Thomas, 27,203, p. 3, 662 So.2d at 792 (citing La.Rev.Stat. 23:1032).
In Jackson v. St. Paul Insurance Company, 04-0026, p. 8 (La.App. 1st Cir.12/17/04), 897 So.2d 684, 689, writ denied, 05-0156 (La.3/24/05), 896 So.2d 1042, the court analyzed whether or not construction of a new building or facility would qualify as an integral part of the principal's trade, business, or occupation as follows in light of the amendments to the Louisiana statutory employer law as follows:
[A] determination of the scope of the analysis alone does not answer the question of whether construction of a new building or facility would qualify as an integral or essential part of the principal's trade, business or occupation. Although new construction was found not to be part of the principal's work in most pre-1997 cases, the words of the statute have changed. After the 1997 changes to both sections 1061 A(1) and A(3), the principal's "trade, business, or occupation" is now defined as work which is "an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." (Emphasis added.) A building or facility is obviously "essential to the ability of [Gulf Liquids] to generate [its] goods, products, or services." La. R.S. 23:1061 A(3). Without a building or facility, it would be virtually impossible for Gulf Liquids to process the chemicals and produce its products for transportation and sale. . . . Thus, after applying the relevant law to this case, we find that the construction of the new fractionation plant was part of Gulf Liquids' *827 "trade, business, or occupation," and qualified Gulf Liquids as a statutory employer entitled to the "exclusive remedy protections of La. R.S. 23:1032. . . ." La. R.S. 23:1061 A(1).
Jackson, 04-0026, p. 8, 897 So.2d at 689.
In the matter sub judice, Sprint has shown an absence of factual support for the plaintiffs' claim of tort liability and has established immunity pursuant to the statutory employer defense. After conducting a de novo review, we find that the following facts are not in dispute. Sprint occupies the place of the third-party hiring a general contractor, Winter. Sprint was the owner of the building on which the renovation was to be performed as part of Sprint's business. Sprint entered into a general contract with Winter to renovate the building located at 3100 Eads Street in New Orleans, Louisiana. Winter hired Sharp as an electrical contractor. Sharp was the direct employer of Mr. Lopez. Under these particular facts and circumstances, Sprint is not liable to the plaintiffs in tort.
The burden of proof thus shifted to the plaintiffs to show that a genuine issue of material fact remained concerning whether Sprint was liable in tort. The plaintiffs have failed to demonstrate that the renovation work was not an integral part of or essential to the ability of Sprint to generate Sprint's goods, products or services. The plaintiffs are not entitled to rest on the allegations of their petition to overcome the motion for summary judgment and have failed to establish that they tan meet their burden of proof. We, therefore, find that the district court did not err in its conclusion that Sprint is entitled to summary judgment as a matter of law.

DECREE
For the aforementioned reasons, we find that Sprint is not liable to the plaintiffs. There are no genuine issues of material fact and the district court properly granted Sprint's motion for summary judgment. We affirm the ruling of the district court.
AFFIRMED.