509 So.2d 110 (1987)
Jerry T. ALBIN
v.
RED STICK CONSTRUCTION COMPANY, INC., the Board of Trustees of Southeastern Louisiana University and/or Southeastern Louisiana University.
No. 86 CA 0609.
Court of Appeal of Louisiana, First Circuit.
May 27, 1987.
*111 Layne Royer, Baton Rouge, for plaintiff-appellant Jerry Albin.
Arthur H. Andrews, Baton Rouge, for defendant-appellee Red Stick Const. and Aetna.
Before EDWARDS, WATKINS and LeBLANC, JJ.
WATKINS, Judge.
The issue presented is whether Red Stick Construction Company, one of the general contractors for the construction of a library at Southeastern Louisiana University, is the statutory employer of the plaintiff, and therefore immune from the present tort suit. We find that it is, and affirm the trial court's summary judgment.

FACTS
In August of 1982, defendant Red Stick Construction Company, Inc. ("Red Stick"), and the Pittman Construction Company of Louisiana, Inc. ("Pittcola") entered into a joint venture agreement to bid for a contract to construct, and if successful to complete, a new library at the Southeastern Louisiana University at Hammond. The joint venture was subsequently awarded the construction job as the general contractor. It then contracted with J.D. Roberts for part of the steelwork, Roberts contracted with B & R Steel Company, and B & R in turn hired the plaintiff, Jerry T. Albin, as a steelworker.
The plaintiff was injured on the construction site, while carrying a load of steel, when he fell into an unmarked and unbarricaded form for pouring concrete. He subsequently began receiving worker's compensation benefits and then filed the present tort suit against Red Stick and the University, alleging, in part, that his injuries were caused by the negligence of Red Stick employees. The trial court granted Red Stick's motion for summary judgment, based upon the statutory employer defense, and Albin has appealed.

STATEMENT OF LAW
Under LSA-R.S. 23:1032[1] and LSA-R.S. 23:1061,[2] an injured worker may not sue a "principal", or "statutory employer" in tort; his exclusive remedy is a worker's *112 compensation action. A principal is defined as "any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof." LSA-R.S. 23:1032 (Emphasis added.) To take advantage of the statutory employer defense to tort liability, two elements must be proven. First, the "work" must be part of the principal's "trade, business or occupation." Second, the principal must have been engaged in that trade, business or occupation at the time of the injury. Lewis v. Exxon Corp., 441 So.2d 192, 197-98 (La.1983) (on reh'g). "Courts must look to the facts of each individual case to determine whether a particular activity is within the scope of a principal's trade, business or occupation." Id. at 198.
In the case before us, the undisputed affidavit of Red Stick's President indicates that Red Stick is a general contractor and construction company; that Red Stick and Pittcola entered into a joint venture for the construction of a new library at Southeastern Louisiana University; that the joint venture was awarded the construction contract as general contractor by the State of Louisiana, and, as such, was responsible for all of the work required for the completion of the library. In addition, the affidavit states that the joint venture subcontracted the steel reinforcement work on the library to Albin's employer, and this work was essential to the construction job. Plaintiff does not dispute that he was injured during the course of the construction of the S.L.U. library.
We need not address the question raised by Albin, whether Red Stick was generally in the business of steelwork. Under these circumstances, where an owner contracts with a general contractor (the principal), and the principal in turn contracts to have a subcontractor perform all or part of the work, the contract work of the subcontractor (and its subcontractors) is within the principal's "trade, business or occupation." See Lewis v. Exxon Corp., 441 So.2d at 198 (dicta); Borne v. Ebasco Servs., Inc., 482 So.2d 40, 41 (La.App. 5th Cir.), writ denied, 486 So.2d 755 (La.1986); McCorkle v. Gulf States Utils. Co., 457 So.2d 682, 685 (La.App. 1st Cir.1984).[3]
We find no genuine issue of material fact as to the immunity of Red Stick. LSA-C.C.P. art. 966. Accordingly, the summary judgment of the trial court is affirmed. Appellant is to pay all costs.
AFFIRMED.
NOTES
[1] LSA-R.S. 23:1032 provides in pertinent part:

The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
(Emphasis added.)
[2] LSA-R.S. 23:1061 provides in pertinent part:

Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him....
(Emphasis added.)
[3] See also Berry v. Holston Well Serv., Inc., 488 So.2d 934, 936 n. 3 (La.1986) and cases cited therein; Duvalle v. Lake Kenilworth, Inc., 467 So.2d 850, 853 (La.App. 4th Cir.1984), writ denied, 472 So.2d 919 (La.1985); Wells v. State ex rel Dep't of Highways, 450 So.2d 1027, 1029 (La.App. 1st Cir.), writ denied, 458 So.2d 474 (La.1984); Barnhill v. American Well Serv. & Salvage, Inc., 432 So.2d 917, 920 (La.App. 3d Cir.1983); Fultz v. McDowell, 344 So.2d 410, 412 (La.App. 1st Cir.1977).