560 So.2d 490 (1990)
Bob BEDDINGFIELD
v.
STANDARD CONSTRUCTION COMPANY, INC., Standard Construction Company of Georgia, Griffin Dewatering Company, and I. Dig Houston, Inc.
No. CA 89 0314.
Court of Appeal of Louisiana, First Circuit.
April 10, 1990.
Fritz Wiedemann, New Orleans, for plaintiff and appellant, Bob Beddingfield.
C. Berwick Duval, II, Houma, for defendant and appellee, Standard Const. Co. of Georgia, Inc.
Jacob D. Landry, New Iberia, for defendant and appellee, Griffin Dewatering Co.
Before CARTER, SAVOIE and ALFORD, JJ.
*491 ALFORD, Judge.
The plaintiff, Bob Beddingfield, appeals separate summary judgments rendered in favor of the defendants, Standard Construction Company of Georgia, Inc. (Standard) and Griffin Dewatering Corporation (Griffin), wherein the court found Beddingfield to be both Standard's and Griffin's statutory employee and dismissed Beddingfield's tort suit with prejudice.

FACTUAL BACKGROUND
On January 11, 1983, Standard entered into a contract with the Terrebonne Parish Police Jury to construct a sewerage treatment plant for them on their property in Houma, Louisiana. Standard then contracted with Griffin to furnish and install a well-point system as shown on the engineer's drawings in the original contract. Griffin in turn contracted with I. Dig Houston, Inc. (I. Dig) to do a portion of the drilling. Beddingfield was a full-time employee of I. Dig.
Beddingfield was injured on the construction site, while working with Griffin employees digging holes, when a sand bucket hoisted by a crane struck him on the back of his head, knocking him onto a casing pipe which had been installed in the ground. Subsequently, I. Dig's compensation carriers paid Beddingfield's medical expenses and weekly compensation benefits.

PROCEDURAL HISTORY
Plaintiff filed his tort suit against Standard, Griffin and I. Dig. I. Dig and its compensation carriers intervened to recover compensation and medical expense payments. Subsequently, the plaintiff dismissed his claims against I. Dig. Both Standard and Griffin filed motions for summary judgment based on claims of statutory employer status and tort immunity. The trial court granted Standard's and Griffin's motions, without assigning written oral reasons. Beddingfield now appeals, alleging that the trial court erred in applying the two-contract statutory employer defense set forth in La.R.S. 23:1032 and 23:1061 in order to find plaintiff was the statutory employee of the defendants.

TWO-CONTRACT THEORY
Under La.R.S. 23:1032, an injured worker may not sue a principal (statutory employer) in tort; worker's compensation is the employee's exclusive remedy. Principal is defined in that statute as "any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof." (Emphasis ours.)
Under La.R.S. 23:1061, a principal is a statutory employer if he undertakes to execute any work "which he had contracted to perform, and contracts with any person ... for the execution ... of the whole or any part of the work undertaken by the principal."
In Berry v. Holston Well Service, 488 So.2d 934 (La.1986), the supreme court set out an analysis to be used when determining statutory employer status. However, the court noted in footnote three, 488 So.2d at 936:
3. The discussion throughout the remainder of this opinion does not deal with what may be called the `two contract' statutory employer defenses. La. R.S. 23:1032, 1061. In that situation, an owner contracts with a general contractor to do a job. The general contractor in turn contracts with a subcontractor for the `sub' to do the whole or part of the total job constructed by the `general'. Under this contractual relationship, the contract work of the `sub' has been held in decisions of the intermediate courts to be automatically within the trade, business or occupation of the `general'.
Jurisprudence shows that in order to enjoy the tort immunity available under the two-contract theory, the defendant must show the following: (1) defendant entered into a contract with a third party; (2) that pursuant to that contract, work must be performed; (3) that in order for defendant to fulfill its contractual obligation to perform the work, defendant entered *492 into a subcontract for all or part of the work performed. Aetna Casualty and Surety Company v. Schwegmann Westside Expressway, Inc., 516 So.2d 412 (La. App. 1st Cir.1987).
In the instant case, defendants submitted a copy of the contract between Standard and Terrebonne Parish Police Jury; a copy of the contract between Standard and Griffin; the affidavit of the secretary of Standard relative to the general contract and the subcontract; the deposition of Kazem Khonsari, the project engineer for Griffin for the sewage plant project, and the plaintiff's deposition.
In the contract between Standard and Terrebonne, Standard agreed to furnish "all labor, equipment, materials and services required for the construction complete and placing into operation an aerated biofiltration sewerage treatment plant" as shown on the plans and specifications for an agreed upon lump sum price. According to the affidavit of Standard's secretary, the deposition of Griffin's project engineer, and the contract between Standard and Griffin, Standard as general contractor then entered into a subcontract with Griffin for Griffin to furnish and install a well-point system as shown on the engineer's drawings in the principal contract. Khonsari also testified that he negotiated with I. Dig for that company to perform the pre-drilling work on the well-point system for Griffin and that I. Dig entered into a subcontract with Griffin on a lump sum basis. Beddingfield testified in his deposition that he ran the company for I. Dig, and confirmed that they had subcontracted with Griffin to drill holes.
Thus, it is apparent that Standard entered into a contract with Terrebonne; that Standard agreed to act as general contractor and perform the agreed upon work, and that Standard entered into a subcontract with Griffin to perform a portion of the agreed upon work. Under these circumstances, the contract work of the subcontractor Griffin, and Griffin's subcontractors including I. Dig, is considered to be within the trade, business or occupation of the "principal," Standard. Albin v. Red Stick Construction Company, Inc., 509 So.2d 110 (La.App. 1st Cir.1987). Accordingly, Standard is entitled to assert the two-contract theory and be considered Beddingfield's statutory employer, and is deemed immune from tort liability. See Bradford v. Village Insurance Company, 548 So.2d 106 (La.App. 2d Cir.), writ denied, 552 So.2d 396 (La.1989).
It is also apparent that Griffin entered into a contract with Standard to perform work, a portion of which was subcontracted to I. Dig, Beddingfield's direct employer. Therefore, Griffin, like Standard, is entitled to assert the two-contract defense and is also deemed immune from tort liability.

CONCLUSION
We find no genuine issue of material fact as to either Standard or Griffin. La.C.C.P. art. 966. Accordingly, for the foregoing reasons, we affirm both summary judgments issued by the trial court. Costs of this appeal are to be borne by the appellant.
AFFIRMED.