578 So.2d 945 (1991)
Mark CROY
v.
BOLLINGER MACHINE SHOP AND SHIPYARD, INC.
No. 89 CA 2054.
Court of Appeal of Louisiana, First Circuit.
March 28, 1991.
Rehearing Denied May 20, 1991.
*946 Thomas M. Discon, Badeaux & Discon, Metairie, for plaintiff-appellant Mark Croy.
Edward A. Rodrigue, Jr., Boggs, Loehn & Rodrigue New Orleans, L. Clifton Dickerson, III, Lockport, for defendant-appellee Bollinger Mach. Shop & Shipyard, Inc.
*947 Denis Paul Juge, Joseph B. Guilbeau, Sutherland, Juge & Keevers, New Orleans, for Rockwood Ins. Co.
Edward F. LeBreton, III, Rice, Fowler, Kingsmill, Vance & Flint, New Orleans, for Underwriters Subscribing To Burnett and Co., Cert. # 4693, General Liability Underwriters.
Before LOTTINGER, SHORTESS and CARTER, JJ.
CARTER, Judge.
These appeals arise out of trial court judgments granting a motion for summary judgment.

FACTS
On December 5, 1984, Eagle Welding and Fabrication, Inc. (Eagle) entered into a contract with Bollinger Machine Shop and Shipyard, Inc. (Bollinger) to provide labor, services, equipment, or material on behalf of Bollinger when Bollinger requested that work be performed on a particular job or project.[1] In 1986, Bollinger, through its yard superintendent, Daniel P. Toups, entered into an agreement with Theriot Offshore Marine (Theriot) regarding the conversion of certain tanks aboard the M/V Leopold Theriot. Bollinger entered a bid on the work, which was subsequently accepted by Theriot.[2]
On April 3, 1986, plaintiff, Mark Croy, was employed as a sandblaster/welder with Eagle and was injured while working on the M/V Leopold Theriot, which was drydocked at the Bollinger yard in Larose, Louisiana.
On April 2, 1987, Croy filed suit in tort against Bollinger for the damages he sustained as a result of the injuries sustained aboard the M/V Leopold Theriot.[3] Thereafter, Rockwood Insurance Company (Rockwood) filed a petition of intervention seeking reimbursement for compensation and medical benefits paid to Croy. Rockwood had issued to Croy's employer, Eagle, a contract of insurance which provided coverage for obligations pursuant to the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901 et seq. and had paid Croy compensation and medical benefits pursuant to this coverage.
Thereafter, Bollinger filed a motion for summary judgment asserting that Croy was its borrowed employee, and that, as such, it was immune from tort liability under LSA-R.S. 23:1032. This motion was subsequently denied.
On July 13, 1989, Bollinger filed the instant motion for summary judgment on the ground that it was Croy's "two-contract" statutory employer and that, as such, was immune from tort liability under LSA-R.S. 23:1032. In support of its motion, Bollinger relied upon the recent decision in Crater v. Mesa Offshore Co., 539 So.2d 88 (La. App. 3rd Cir.), writ denied, 543 So.2d 4 (La. 1989), which held that a defendant could avail itself of the "statutory employer" immunity provided by the Louisiana Workmen's Compensation Law notwithstanding that the claimant was receiving benefits pursuant to the federal LHWCA in those areas where both acts apply concurrently.
The trial court granted Bollinger's motion for summary judgment finding that the matter was controlled by Crater and dismissed Croy's suit and Rockwood's intervention. The trial court rendered judgment in favor of Bollinger and against Croy by judgment dated September 7, 1989. The judgment rendered in favor of Bollinger and against Rockwood was dated September 21, 1989. From these adverse judgments, Croy and Rockwood appeal assigning the following errors:
1.
The District Court erred in allowing Bollinger to avail himself of the statutory employer defense under the Louisiana Worker's Compensation Law because *948 that defense is inconsistent with the federal Longshore and Harbor Worker's Compensation Act which covers plaintiff's claim and should not apply.
2.
The District Court erred in finding that defendant was the statutory employer of plaintiff notwithstanding that defendant's contract with plaintiff's direct employer provided that plaintiff would not be considered an employee of defendant for any purpose whatsoever.

STATUTORY EMPLOYER IMMUNITY
Generally a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Kerwin v. Nu-Way Construction Service, Inc., 451 So.2d 1193, 1194 (La.App. 5th Cir.), writ denied, 457 So.2d 11 (La. 1984); Landry v. Brandy, 389 So.2d 93, 95 (La.App. 4th Cir.1980); Cooper v. Anderson, 385 So.2d 1257, 1258 (La.App. 4th Cir.), writ denied, 393 So.2d 738 (La. 1980). The burden is upon the mover for summary judgment to show that no genuine issues of material fact exist, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Frazier v. Freeman, 481 So.2d 184, 186 (La.App. 1st Cir.1985); Asian International, Ltd. v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 435 So.2d 1058, 1063 (La.App. 1st Cir.1983).
Summary judgments are not favored, and any reasonable doubt should be resolved against the mover. Dupuy v. Gonday, 450 So.2d 1014, 1015 (La.App. 1st Cir.1984). In determining whether material issues have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980); Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979).
Under certain circumstances, an owner or principal can be held liable to pay worker's compensation to an employee of a contractor he engages. These circumstances are set forth in LSA-R.S. 23:1061.[4] However, under such circumstances, worker's compensation is the exclusive remedy of the contractor's employee held to be a statutory employee of the principal, and the principal is immune from tort liability. LSA-R.S. 23:1032.[5] Two essential elements of any statutory employment claim are (1) that the employee be engaged in the trade, business, or occupation of the principal, and (2) that the principal be engaged in that trade, business, or occupation at the time of plaintiff's injury. Davis v. Material Delivery Service, Inc., 506 So.2d 1243, 1247 (La.App. 1st Cir.1987).
Therefore, in order for Bollinger to prevail on summary judgment, it must be undisputed that Bollinger was Croy's principal or statutory employer. Generally, the courts must follow the analysis set forth in Berry v. Holston Well Service, Inc., 488 So.2d 934, 937-38 (La.1986) to determine whether a statutory employment relationship exists. However, the employee's work has been held to be automatically within the trade, business, or occupation of the principal where there is a particular two-contract relationship between the parties. *949 Short v. Mobil Oil Corporation, 544 So.2d 572, 574 (La.App. 1st Cir.1989); Davis v. Material Delivery Service, Inc., 506 So.2d at 1247.
The Louisiana Supreme Court described this two-contract situation in a footnote in Berry:
[A]n owner contracts with a general contractor to do a job. The general contractor in turn contracts with a subcontractor for the "sub" to do the whole or a part of the total job contracted by the "general." Under this contractual relationship, the contract work of the "sub" has been held in decisions of the intermediate courts to be automatically within the trade, business or occupation of the "general." (Citations omitted).
488 So.2d at 936, n. 3. The two-contract situation also has temporal requirements, i.e. that the principal must first contract to do the work and then contract for the subcontractor to do all or part of the work. See Berry v. Holston Well Service, Inc., 488 So.2d at 936, n. 3; Short v. Mobil Oil Corporation, 544 So.2d at 575; Davis v. Material Delivery Service, Inc., 506 So.2d at 1248.
In the instant case, Bollinger and Eagle executed the written contract for Eagle to provide labor as needed by Bollinger to perform work. Subsequently, Theriot contracted with Bollinger to perform work on its tanks. However, there was no contract between Bollinger and Theriot to perform specific work at the time Bollinger "subcontracted" with Eagle. As such, these contracts do not fit the temporal requirements of the two-contract case so as to entitle Bollinger to the statutory employer immunity.
Therefore, we find that the summary judgment, predicated upon the statutory employer immunity under the two-contract case, was improvidently granted.[6] Because we have found that Bollinger is not entitled to invoke the statutory employer immunity under the two-contract theory, we find it unnecessary to address the issues raised by Croy and Rockwood.

CONCLUSION
For the above reasons, the judgment of the trial court granting Bollinger's motion for summary judgment and dismissing plaintiff's suit and Rockwood's intervention is reversed. The matter is remanded to the trial court for further proceedings consistent with the views expressed herein. Bollinger is cast for all costs.
REVERSED AND REMANDED.
SHORTESS, J., concurs.
LOTTINGER, J., concursI concur in the result because defendant failed to meet all the criteria of Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986).
NOTES
[1] Pursuant to a request for production, a copy of the entire contract is filed in the record.
[2] Although the contract was not filed into the record, the affidavit of Toups revealed the relevant information regarding the particulars of the agreement.
[3] In its answer Bollinger asserted numerous defenses and filed a third party demand against Eagle. None of the issues raised in the answer or third party demand are at issue in this appeal.
[4] At all times pertinent hereto, LSA-R.S. 23:1061 provided, in pertinent part, as follows:

Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him....
[5] The exclusive remedy provision of LSA-R.S. 23:1032 provides, in pertinent part, as follows:

For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
[6] In the instant case, Bollinger did not pursue nor is there any evidence of the three-tier Berry analysis regarding whether plaintiff was engaged in the trade, business, or occupation of Bollinger at the time of his injury so as to invoke the statutory employer immunity.