593 So.2d 388 (1991)
David W. HOLLIS
v.
The CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE; State Farm Insurance Company.
David W. HOLLIS
v.
The CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE and State Farm Insurance Company.
Nos. 90 CA 2123, 90 CA 2124.
Court of Appeal of Louisiana, First Circuit.
December 27, 1991.
Robert W. Stratton, Baton Rouge, for plaintiff-appellant David W. Hollis.
David M. Vaughn, Baton Rouge, for defendant-appellee State Farm Fire and Cas. Co.
W. Michael Stemmans, Baton Rouge, for defendant-appellee City of Baton Rouge/Parish of East Baton Rouge.
Before WATKINS, CARTER and FOIL, JJ.
*389 WATKINS, Judge.
Plaintiff, David W. Hollis, appeals the granting of summary judgment in favor of defendant, State Farm Fire & Casualty Company (State Farm),[1] dismissing his claim for injuries allegedly caused by State Farm's insured, William Pinar. The plaintiff filed suit for injuries resulting from an accident which occurred after plaintiff was served two alcoholic beverages during a visit to Mr. Pinar's home.

FACTS
On June 29, 1987, the plaintiff went to the home of William Pinar at approximately 8:00 p.m. for a visit. Mr. Pinar served the plaintiff two alcoholic drinks between 8:00 p.m. and midnight. Plaintiff consumed the first drink between 8:00 p.m. and 9:30 p.m., and the second between 9:30 p.m. and midnight. The plaintiff left Mr. Pinar's home around midnight and began driving towards his home. Plaintiff stated that he did not feel intoxicated when he left but that he did feel funny. Approximately a block from Mr. Pinar's home, the plaintiff alleges, he became disoriented and did not know which way to turn. The plaintiff claims that he does not remember what happened to him thereafter, until two hours later when he wrecked his vehicle close to his home, which is approximately 12 miles from the defendant's home. The plaintiff suffered severe injuries in the accident leaving him permanently paralyzed.
The plaintiff filed suit for his injuries against the City of Baton Rouge, the Parish of East Baton Rouge[2], and State Farm Fire & Casualty Company, Mr. Pinar's homeowner's insurance carrier. The plaintiff alleged that Mr. Pinar served him alcoholic beverages to the point of intoxication, which beverages impaired his ability to drive his automobile. Alternatively, plaintiff alleged that Mr. Pinar placed chemical substances in the drinks which he served to the plaintiff, causing plaintiff to black out during the two hours between midnight and 2:00 a.m.
State Farm filed a motion for summary judgment supported by the depositions of Mr. Hollis and Mr. Pinar. No response was filed by the plaintiff. The trial court granted State Farm's motion and dismissed plaintiff's claims against State Farm.

LAW
Summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved in favor of a trial on the merits to resolve disputed facts. Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981).
Once a motion for summary judgment has been made and supported, a party opposing the motion may not rest on the mere allegations of his pleadings but must set forth by way of affidavit or other documents specific facts showing a genuine issue for trial, or else summary judgment will be rendered against him. LSA-C.C.P. art. 967. Only if the mover's supporting documents are sufficient to resolve all material issues of fact will the burden shift to the opposing party to present evidence showing that material facts are still at issue. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980).
The plaintiff alleges that the trial court erred in granting the summary judgment because there are disputed issues of material fact regarding whether Mr. Pinar falsely represented that the beverage he served to Mr. Hollis contained alcohol. The plaintiff contends that "[t]he argument can be made that the Scotch whiskey which was apparently placed in the drink of Hollis *390 may have been bolstered by pure alcohol. Therefore, there is a genuine issue of material fact as to whether the amount of alcohol as asserted by Pinar was being falsely represented as containing little alcohol." The plaintiff further contends that "the cause of the disorientation may have been by a chemical substance being placed in the drink.... Thus, there is a genuine issue of material fact with respect to whether there was a chemical substance being placed in Hollis' drink."
The deposition testimony of the plaintiff reveals that prior to arriving at Mr. Pinar's home, he had not had any alcohol to drink. While at Mr. Pinar's home, plaintiff consumed two drinks consisting of scotch and water. Plaintiff watched Mr. Pinar make the first drink and stated that he did not see Mr. Pinar add anything except scotch, water, and ice to the drink. Although he did not watch Mr. Pinar make the second drink, plaintiff testified that the second drink tasted the same as the first drink, and he could not tell the difference between the two. Plaintiff further testified that he did not see anything that looked like drugs which could have been poured into his drink. The plaintiff was served the second drink around 9:30 that evening. The plaintiff admits that he did not feel intoxicated and that he was able to talk normally, move properly, walk without falling down, and think intelligently. The plaintiff stated that when he left Mr. Pinar's home at midnight, he had no problems going to his car or backing out of the driveway and driving down the street. The plaintiff further stated that he had no evidence that Mr. Pinar put any chemicals in his drinks other than the fact that an accident occurred two hours after he left Mr. Pinar's home.
Mr. Pinar testified that he mixed the plaintiff two scotch and waters with less than one jigger of scotch in each drink. Mr. Pinar denied putting any type of drugs or chemicals in plaintiff's drinks. Mr. Pinar further testified that the plaintiff did not seem intoxicated at any time during the evening.
We find the deposition testimony submitted by the defendant to be sufficient to resolve all material issues of fact relative to a finding of negligence on the part of Mr. Pinar. Furthermore the plaintiff failed to present any other evidence to show that material issues of fact are still at issue.
The issues of the instant case are governed in part by the provisions of LSA-R.S. 9:2800.1, which limits the liability of a social host in the following particulars:
A. The legislature finds and declares that the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person.
. . . . .
C. (1) Notwithstanding any other law to the contrary, no social host who serves or furnishes any intoxicating beverage of either high or low alcoholic content to a person over the age for the lawful purchase thereof shall be liable to such person or to any other person or to the estate, successors, or survivors of either for any injury suffered off the premises, including wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were served or furnished.
. . . . .
E. The limitation of liability provided by this Section shall not apply to any person who causes or contributes to the consumption of alcoholic beverages by force or by falsely representing that a beverage contains no alcohol.
Applying the principles set forth in LSA-R.S. 9:2800.1 to the facts presented herein, we find that the defendant cannot be held liable for the act of serving the plaintiff alcoholic beverages of either high or low alcoholic content; the legislature has declared that it is the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, which is the proximate cause of any injury, *391 including death and property damage, inflicted by an intoxicated person upon himself or upon another person. The plaintiff does not contend that he was forced to drink alcoholic beverages or that Mr. Pinar falsely represented that the beverages contained no alcohol.
We further find that the defendant did not offer any evidence of a disputed material fact which would tend to establish that Mr. Pinar placed unknown chemicals in any of his beverages. The evidence presented on motion for summary judgment shows that the plaintiff took approximately two and one-half hours to consume the second drink that Mr. Pinar served him. He stated that the first drink which he watched Mr. Pinar make tasted the same as the second drink. The plaintiff admits that he did not feel intoxicated and that he was able to function well. Mr. Pinar denied having any chemicals in his home and the plaintiff admitted he did not see any evidence of chemicals in Mr. Pinar's home. Plaintiff admitted that the only evidence he could offer with regard to his allegation that Mr. Pinar placed chemicals in his beverages was the fact that he allegedly blacked out for two hours. Accepting this fact as true, we are still convinced that the defendant is entitled to judgment as a matter of law because this fact alone fails to establish that Mr. Pinar breached any duty owed to the plaintiff. It was the plaintiff's burden to bring forth a disputed issue of material fact, and he failed to do so. Plaintiff offered no other evidence to refute the evidence present on the motion for summary judgment, nor did he offer any reason why Mr. Pinar would give him unsolicited chemicals.

CONCLUSION
The judgment of the trial court granting defendant State Farm's motion for summary judgment is affirmed. All costs to be paid by the plaintiff.
AFFIRMED.
NOTES
[1] The petitions are captioned "State Farm Insurance Company"; however, the pleadings reflect the defendant to be "State Farm Fire & Casualty Company."
[2] Plaintiff's suits against the City/Parish allege that plaintiff's damages were the result of defects in the roadway and shoulder of Red Oak Drive.