615 So.2d 985 (1993)
Nicky DUNCAN
v.
BALCOR PROPERTY MANAGEMENT, INC., Balcor Management Services, Inc., the Balcor Company, Sherwood Acres Partners, Ltd., Sherwood Acres Apartments.
No. 92 CA 0017.
Court of Appeal of Louisiana, First Circuit.
March 5, 1993.
Writ Denied May 14, 1993.
*986 Laurence E. Best, New Orleans, Michael A. Lombard, Metairie, for plaintiff-appellant Nicky Duncan.
John E. Cox and John P. Wolff, III, Baton Rouge, for defendant-appellee Balcor Property Management, Inc., Balcor Management Services, Inc., and Balcor Co.
Leah Hipple McKay, Baton Rouge, for intervenor Liberty Mut. Ins. Co.
Before CARTER, LeBLANC and PITCHER, JJ.
CARTER, Judge.
This appeal arises out of a trial court judgment granting a motion for summary judgment.

FACTS
On July 11, 1988, Allstate Painting ("Allstate") entered into a contract with Balcor Property Management, Inc. ("Balcor"), the management agent of Sherwood Acres Apartments in Baton Rouge, for the "exterior building repair and painting" of Sherwood Acres apartment complex.
Allstate then engaged a carpentry subcontractor, the Robert Kelly Company, in connection with the work contracted for Sherwood Acres Apartments.
On August 8, 1988, Nicky Duncan, an employee of the Robert Kelly Company, was injured during the course and scope of his employment while performing certain renovations and repairs on one of the apartment buildings. Duncan was working approximately twenty-five feet high on an extension ladder and was in the process of removing rotten boards from the soffit, facia, and chimney of one of the apartment buildings, when a swarm of wasps attacked him, causing him to rush down the ladder and fall. Duncan allegedly sustained serious injuries as a result of this fall.
On July 31, 1989, Duncan filed the instant tort suit for personal injuries sustained in the fall. Named as defendants were Balcor Property Management, Inc., Balcor Management Services, Inc., The Balcor Company, Sherwood Acres Partners, Ltd., and Sherwood Acres Apartments. On *987 August 23, 1991, the defendants filed a motion for summary judgment. By partial judgment of dismissal, Duncan dismissed his suit against all defendants, with the exception of Balcor Property Management, Inc. (Balcor). The trial court granted Balcor's motion for summary judgment on September 13, 1991, finding that Balcor was Duncan's statutory employer under LSA-R.S. 23:1032 and under the two-contract theory and dismissing Duncan's demands against Balcor with prejudice.
From this adverse judgment, Duncan appeals contending that the trial court erred in granting Balcor's motion for summary judgment. Duncan asserts that material issues of fact remain with respect to Balcor's claim regarding statutory employer status.
Balcor answered Duncan's appeal contending that, although it had urged other bases upon which the trial court could have granted its motion for summary judgment on the issue of tort liability, the trial court failed to grant its motion for summary judgment on those issues. Accordingly, Balcor requested that this court review the trial court's denial of its summary judgment with regard to its tort liability.
Thereafter, Duncan filed with this court a motion to strike certain portions of Balcor's appellate brief. Duncan asserted that the denial of a motion of summary judgment is not a final judgment and cannot be raised on appeal from the granting of the summary judgment on other grounds.

SUMMARY JUDGMENT
A motion for summary judgment is a procedural device to avoid a full-scale trial when there is no genuine factual dispute. Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d 1115, 1120 (La.App. 2nd Cir.), writ denied, 587 So.2d 695 (La.1991). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26, 27 (La.1982); Legros v. Norcen Exploration, Inc., 583 So.2d 859, 860 (La. App. 1st Cir.), writs denied, 588 So.2d 101, 588 So.2d 109 (La.1991); Bercegeay v. Cal-Dive International, Inc., 583 So.2d 1181, 1183 (La.App. 1st Cir.), writ denied, 589 So.2d 1070 (La.1991); Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d 381, 383-84 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La. 1991).
A fact is material if it is essential to the plaintiff's cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. Material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577, 583 (La.1989); Eads Operating Company, Inc. v. Thompson, 537 So.2d 1187, 1194 (La.App. 1st Cir.1988), writ denied, 538 So.2d 614 (La.1989).
The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Legros v. Norcen Exploration, Inc., 583 So.2d at 860; Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d at 384. To satisfy this burden, the mover must meet a strict standard by showing that it is quite clear what the truth is and excluding any real doubt as to the existence of material fact. Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d at 1120. The court must closely scrutinize the papers supporting the position of the mover, while the papers of the party opposing the motion are to be treated indulgently. Ortego v. Ortego, 425 So.2d 1292, 1297 (La.App. 3rd Cir.1982), writ denied, 429 So.2d 147 (La.1983).
Summary judgments are not favored and should be used cautiously and sparingly, and any reasonable doubt should be resolved against the mover. Penalber v. Blount, 550 So.2d at 583; Hollis v. City of *988 Baton Rouge/Parish of East Baton Rouge, 593 So.2d 388, 389 (La.App. 1st Cir.1991); Yocum v. City of Minden, 566 So.2d 1082, 1086 (La.App. 2nd Cir.1990). In determining whether material issues have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980). This is true even if grave doubts exist as to a party's ability to establish disputed facts at trial. Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068, 1070-71 (La. App. 3rd Cir.1985). Where the trial court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits, and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268, 1269 (La.1981); Jones v. Briley, 593 So.2d 391, 393 (La.App. 1st Cir.1991); Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d at 1120.
With regard to the standard of review to be applied by this court, the Louisiana Supreme Court in Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991), recently noted that appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate.
Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Sun Belt Constructors, Division of MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350, 352 (La.App. 5th Cir.1988).
Under certain circumstances, an owner or principal can be held liable to pay workers' compensation benefits to an employee of a contractor he engages. Croy v. Bollinger Machine Shop and Shipyard, Inc., 578 So.2d 945, 948 (La.App. 1st Cir.), writ denied, 586 So.2d 532 (La.1991). These circumstances are set forth in LSA-R.S. 23:1061, which, at all times pertinent hereto, provided, in part, as follows:
Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him....
However, in such circumstances, workers' compensation benefits are the exclusive remedy of the contractor's employee held to be a statutory employee of the principal, and such employers are immune from tort liability for injuries sustained by employees under those circumstances. LSA-R.S. 23:1032;[1]Beddingfield v. Standard Construction Company, Inc., 560 So.2d 490, 491 (La.App. 1st Cir.1990).
A statutory employment claim consists of two elements: (1) that the employee be engaged in the trade, business, or occupation of the principal; and (2) that the principal be engaged in that trade, business, or occupation at the time of plaintiff's injury. Croy v. Bollinger Machine Shop and Shipyard, Inc., 578 So.2d at 948; Davis v. Material Delivery Service, Inc., 506 So.2d 1243, 1247 (La.App. 1st Cir.1987).
*989 In order for Balcor to prevail on summary judgment, it must be undisputed that Balcor was Duncan's principal or statutory employer. Ordinarily, the courts are required to follow the analysis set forth in Berry v. Holston Well Service, Inc., 488 So.2d 934, 937-38 (La.1986), to determine whether a statutory employment relationship exists. Croy v. Bollinger Machine Shop and Shipyard, Inc., 578 So.2d at 948. However the employee's work has been held to be automatically within the trade, business, or occupation of the principal where there is a particular two-contract relationship between the parties. Short v. Mobil Oil Corporation, 544 So.2d 572, 574 (La.App. 1st Cir.1989); Davis v. Material Delivery Service, Inc., 506 So.2d at 1247.
In Berry v. Holston Well Service, 488 So.2d at 936, n. 3, the Louisiana Supreme Court described the two-contract situation as follows:
[A]n owner contracts with a general contractor to do a job. The general contractor in turn contracts with a subcontractor for the "sub" to do the whole or a part of the total job contracted by the "general." Under this contractual relationship, the contract work of the "sub" has been held in decisions of the intermediate courts to be automatically within the trade, business or occupation of the "general." (citations omitted)
In other words, to enjoy the tort immunity available under the two-contract theory, the defendant must show the following: (1) that defendant entered into a contract with a third party; (2) that pursuant to that contract, work must be performed; and (3) that in order for defendant to fulfill its contractual obligation to perform the work, defendant entered into a subcontract for all or part of the work performed. Beddingfield v. Standard Construction Company, Inc., 560 So.2d at 491-92; Aetna Casualty and Surety Company v. Schwegmann Westside Expressway, Inc., 516 So.2d 412, 413 (La.App. 1st Cir.1987).
In the instant case, the documents introduced in support of the motion for summary judgment establish that the contractual relationships among the parties satisfy the two-contract test set forth above. First, according to the affidavit of Richard G. Marshall, District Manager of Balcor, and the management agreement executed on July 11, 1988, Balcor, pursuant to Balcor's authority to negotiate contracts and enter into agreements for all necessary repairs, maintenance, alterations, and services in connection with the management of Sherwood Acres Apartments, entered into a contract with Allstate (a third party). Second, the contract between Balcor and Allstate expressly provided that Allstate was to perform exterior repair and painting at Sherwood Acres Apartments. Third, in fulfilling its contractual obligations to repair and paint the exterior of the apartment buildings, Allstate subcontracted with the Robert Kelly Company for a part of the work (replacing rotten boards), which work the Robert Kelly Company was in the processing of performing at the time its employee, Duncan, was injured.
A review of the record convinces us that the contractual relationships set forth above establish that Balcor was Duncan's statutory employer pursuant to the two-contract theory. Accordingly, Balcor established that, as Duncan's statutory employer, it is immune from tort liability. See Rosier v. H.A. Lott, Inc., 563 So.2d 1321 (La.App. 3rd Cir.), writ denied, 568 So.2d 1058 (La.1990); Massey v. Century Ready Mix Corporation, 552 So.2d 565 (La.App. 2nd Cir.1989), writ denied, 556 So.2d 41 (La.1990); Albin v. Red Stick Construction Company, Inc., 509 So.2d 110 (La. App. 1st Cir.1987). Therefore, we find that the summary judgment, predicated upon the statutory employer immunity under the two-contract case, was properly granted.

ANSWER TO APPEAL AND MOTION TO STRIKE
Because of our determination that the trial court did not err in granting Balcor's motion for summary judgment on the issue of statutory employment, we find it unnecessary to address the other issues raised in Balcor's answer to the appeal, which also *990 makes the issues raised in Duncan's motion to strike moot.

CONCLUSION
For the above reasons, the judgment of the trial court, granting Balcor's motion for summary judgment and dismissing Duncan's claims against Balcor, is affirmed. Costs of this appeal are to be borne by Duncan.
AFFIRMED.
NOTES
[1] The exclusive remedy provision of LSA-R.S. 23:1032 provides, in pertinent part, as follows:

The rights and remedies granted to an employee... for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee... for said injury.... For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.