CARTER, Judge.
This matter arises out of an application for a writ of certiorari filed by defendant, Frank’s Petroleum, Inc., following a trial court judgment denying its motion for summary judgment based on the statutory employer defense.

FACTS

On June 29,1982, Neuhoff Oil & Gas Corp. (“Neuhoff’) entered into an operating agreement with certain non-operating, working interest owners of a certain mineral lease whose interests affected MA-5 Sand, Reservoir A, Sand Unit A. The unit well was designated as the Fairfax Foster Sutter No. 1 well (“Sutter No. 1 well”) and was located in East Franklin Field in St. Mary Parish, Louisiana.
The operating agreement provided that the operator “shall manage and operate the Unit Area for the exploration, development and production of Unitized Substances.... ” The agreement contemplated that the opera *1297 tor would be responsible for “drilling or reworking operations.” By amended agreement, effective January 13, 1987, Neuhoff resigned as operator of the Sutter No. 1 well, and Frank’s Petroleum, Inc. (“Frank’s Petroleum”) became operator of the unit.
On April 12, 1988, in furtherance of its duties as operator, Frank’s Petroleum contracted with Hydraulic Well Control, Inc. (“Hydraulic”) to provide snubbing services for the well.[1] On August 12, 1988, Bryan Patrick Carnes (“Carnes”) was employed by Hydraulic and was working as a snubbing hand on the Sutter No. 1 well. While Carnes was setting manual slips on a work string attached to tubing in the well, he slipped in oil on the platform and fell. Carnes allegedly sustained serious injuries as a result of the fall.
On August 11, 1989, Carnes filed the instant suit for damages, naming Frank’s Petroleum as a defendant. Carnes alleged liability under the theories of negligence and strict liability. • On September 13, 1989, Frank’s Petroleum answered the petition, generally denying all allegations, and raised the affirmative defenses of contributory negligence, comparative negligence, and assumption of the risk.
On May 1, 1990, National Union Fire Insurance Company, as Hydraulic’s worker’s compensation insurer, filed a petition of intervention, seeking reimbursement of worker’s compensation and medical benefits paid to Carnes.
On May 8, 1990, Frank’s Petroleum filed an amended answer, asserting as an affirmative defense its immunity from tort liability based on the applicable worker’s compensation laws.
On August 28, 1990, Frank’s Petroleum filed a motion for summary judgment, claiming that it was the statutory employer of Carnes and, as such, was immune from tort liability. In support of its motion for summary judgment, Frank’s Petroleum attached the following documents:
1. An operating agreement, effective June 5,1979, between Neuhoff and the working interest owners of the Sutter No. 1 well.
2. A letter, dated April 27, 1987, with accompanying documentation, by which Neuhoff resigned as operator of the Sutter No. 1 well, and Frank’s Petroleum became operator under amendment to the operating agreement contained therein and attached thereto.
3. A written bid from Hydraulic to Frank’s Petroleum, dated April 12, 1988, for equipment and services to be rendered in connection with the Sutter No. 1 well.
4. Affidavit of Fred H. Plitt, executive vice-president and general manager of Frank’s Petroleum.
5. Affidavit of Thomas J.R. Low, president of the Low Consulting Corporation.
6. Affidavit of Johnnie S. Huddleston, vice-president, corporate secretary, and land manager of Frank’s Petroleum.
7. Equipment and service orders of Hydraulic, dated August 12 through 18, 1988.
8. Rental ticket of Hydraulic, dated April 12, 1988.
On January 3, 1991, a hearing on the motion for summary judgment was held. On January 17, 1991, the trial court issued written reasons for judgment, stating that Frank’s Petroleum had failed to address whether the contract work was specialized or non-specialized, which is the first prong of the statutory employer three-pronged test set forth in Berry v. Holston Well Service, Inc., 488 So.2d 934, 938 (La.1986). The trial judge went on to say that whether the snubbing work done by Hydraulic was specialized or non-specialized was an issue to be decided at trial. He therefore, denied the motion for summary judgment.[2]
*1298 On August 6, 1992, Frank’s Petroleum reurged its motion for summary judgment, asserting, among other things, that under the two-contract theory of tort immunity in LSA-R.S. 23:1032 and 1061, the specialized versus non-specialized test set forth in Berry v. Holston Well Service, Inc., 488 So.2d at 938, was immaterial. Attached to the motion for summary judgment were the same documents which had been attached to the first motion,[3] along with the trial court’s reasons for denying the first motion, and excerpts from the depositions of Carnes and Low.
On October 9, 1992, a hearing on the second motion for summary judgment was held. After argument of counsel, the trial court denied the motion, and on October 30, 1992, judgment was signed in accordance with the ruling.
On November 13,1992, Frank’s Petroleum filed a notice of its intent to apply for supervisory writs to review the denial of its motion for summary judgment. On September 10, 1993, a writ of certiorari was issued by this court, and the matter was stayed pending a disposition of this writ. Frank’s Petroleum assigns the following specifications of error for our review:
1. The trial court erred in denying defendant’s motion for summary judgment when the undisputed facts in evidence established that defendant is entitled to immunity from plaintiffs tort claims, as plaintiffs statutory employer.
2. The trial court erred in denying defendant’s motion for summary judgment when the undisputed facts demonstrated that defendant neither reserved nor exercised operational control over the activities of its subcontractors, and that the work in which the plaintiff was engaged was not inherently and intrinsically dangerous.

SUMMARY JUDGMENT

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d 1115, 1120 (La.App. 2nd Cir.), writ denied, 587 So.2d 695 (La.1991). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26, 27 (La.1982); Legros v. Norcen Exploration, Inc., 583 So.2d 859, 860 (La.App. 1st Cir.), writs denied, 588 So.2d 101, 109 (La.1991).
A fact is material if it is essential to the plaintiffs cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. Material facts are those that potentially insure or preclude recovery, affect the litigant’s ultimate success, or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577, 583 (La.1989).
The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Robertson v. Our Lady of Lake Regional Medical Center, 574 So.2d 381, 384 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136-37 (La.1991). To satisfy this burden, the mover must meet a strict standard by showing that it is quite clear what the truth is and excluding any real doubt as to the existence of material fact. Duncan v. Balcor Property Management, Inc., 615 So.2d 985, 987 (La.App. 1st Cir.), writ denied, 617 So.2d 936 (La.1993). In determining whether material facts have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980).
*1299 Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Sun Belt Constructors, Division MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350, 352 (La.App. 5th Cir.1988).
It is well settled that, under certain circumstances, an owner or principal can be held liable to pay worker’s compensation to an employee of a contractor he engages. Duncan v. Balcor Property Management, Inc., 615 So.2d at 988; Croy v. Bollinger Machine Shop and Shipyard, Inc., 578 So.2d 945, 948 (La.App. 1st Cir.), writ denied 586 So.2d 532 (La.1991). These circumstances are set forth in LSA-R.S. 23:1061, as it existed prior to amendment in 1989,[4] in pertinent part, as follows:
Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him....
However, in such circumstances, worker’s compensation benefits are the exclusive remedy of a contractor’s employee held to be a statutory employee of the principal, and such principals are immune from tort liability for injuries sustained by employees under those circumstances. LSA-R.S. 23:1032;[5] Beddingfield v. Standard Construction Company, Inc., 560 So.2d 490, 491 (La.App. 1st Cir.1990).
In order for Frank’s Petroleum to prevail on summary judgment, it must be undisputed that Frank’s Petroleum was Carnes’s principal or statutory employer. Under former applicable law, Louisiana courts were required to follow the analysis set forth in Berry v. Holston Well Service, Inc., 488 So.2d at 937-38, to determine whether a statutory employment relationship exists. In Berry, the court considered a one-contract theory of statutory employment and stated that a determination of whether a statutory employment relationship exists involves a three level analysis: (1) the contract work must be non-specialized, (2) it must be a part of the principal’s trade, business, or occupation, and (3) the principal must have been engaged in the work at the time of the alleged accident. However, the court distinguished the one-contract theory of statutory employment from the two-contract theory. The two-contract situation was described as follows:
[A]n owner contracts with a general contractor to do a job. The general contractor in turn contracts with a subcontractor for the “sub” to do the whole or a part of the total job contracted by the “general.” Under this contractual relationship, the contract work of the “sub” has been held in decisions of the intermediate courts to be *1300 automatically within the trade, business or occupation of the “general.”
488 So.2d at 936, n. 3.
In other words, to enjoy the tort immunity available under the two-contract theory, the defendant must show the following: (1) that defendant entered into a contract with a third party; (2) that, pursuant to that contract, work must be performed; and (3) that, in order for defendant to fulfill its contractual obligation to perform the work, defendant entered into a subcontract for all or part of the work performed. Emma Gobert v. McDermott, Inc., — So.2d — (La.App. 1st Cir.1993), decided December 29, 1993, under docket number 93 CA 0221; Duncan v. Balcor Property Management, Inc., 615 So.2d at 989; Beddingfield v. Standard Construction Company, Inc., 560 So.2d at 491-92; Aetna Casualty and Surety Company v. Schwegmann Westside Expressway, Inc., 516 So.2d 412, 413 (La.App. 1st Cir.1987). The question of whether the subcontractor’s work is specialized is irrelevant in the context of two-contract cases. Crochet v. Westminster City Center Properties, 572 So.2d 720, 723 (La.App. 4th Cir.1990); Massey v. Century Ready Mix Corporation, 552 So.2d 565, 573 (La.App. 2nd Cir.1989), writ denied, 556 So.2d 41 (La.1990).
In the instant case, the documents introduced in support of the motion for summary judgment establish that the contractual relationships among the parties satisfy the two-contract test set forth above. First, Frank’s Petroleum entered into a contract with a third party, as evidenced by the operating agreement and amendment thereto. These documents show that Frank’s Petroleum entered into a contract with certain non-operating working interest owners of a certain mineral lease to operate the lease and the well. Second, the contract between Frank’s Petroleum and the non-operating working interest owners expressly provided that work was to be performed, i.e. Frank’s Petroleum was responsible for “drilling or reworking operations.” Third, in fulfilling its contractual obligations in reworking the well, Frank’s Petroleum subcontracted with Hydraulic for a part of the work (performing snubbing services on the well), which work Hydraulic was performing at the time its employee, Carnes, was injured.
After reviewing the record, we conclude that the contractual relationships set forth above establish that Frank’s Petroleum was Carnes’s statutory employer pursuant to the two-contract theory. Accordingly, as Carnes’s statutory employer, Frank’s Petroleum is immune from tort liability. See Duncan v. Balcor Property Management, Inc., 615 So.2d at 989; see also Albin v. Red Stick Construction Company, Inc., 509 So.2d 110, 112 (La.App. 1st Cir.1987).
Summary judgment should be granted when the two-contract defense is established. See Rosier v. H.A. Lott, Inc., 563 So.2d 1321, 1324 (La.App. 3rd Cir.), writ denied, 568 So.2d 1058 (La.1990); Massey v. Century Ready Mix Corporation, 552 So.2d at 573; Albin v. Red Stick Construction Company, Inc., 509 So.2d at 112. Therefore, we conclude that the trial court erred in denying the motion for summary judgment.

CONCLUSION

For the reasons set forth above, the writ of certiorari previously issued by this court in this cause is hereby made peremptory, and the trial court judgment denying Frank’s motion for summary judgment is reversed. Judgment is rendered, granting Frank’s Petroleum’s motion for summary judgment and dismissing plaintiffs claims against Frank’s Petroleum. Costs arising from this writ application are assessed against Carnes.
WRIT GRANTED AND MADE PEREMPTORY; REVERSED AND RENDERED.

. ‘'Snubbing'' is a term used to describe the placement of concentric pipe into the well under pressure to change the characteristics of the well.

. The record does not contain a judgment on the August 28, 1990, motion for summary judgment.

. The second motion for summary judgment attachments did not include the Hydraulic equipment and service orders after August 13, 1988.

. By Acts 1989, No. 454, § 3, effective January 1, 1990, LSA-R.S. 23:1061 was amended to designate the existing paragraphs as subsections and to add certain language.

. The exclusive remedy provision of LSA-R.S. 23:1032, prior to amendment in 1989, provides, in pertinent part, as follows:
The rights and remedies herein granted to an employee ... for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee against his employer, or any principal ... for said injury.... For purposes of this Section, the word "principal” shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof. By Acts 1989, No. 454, § 2, effective January 1, 1990, LSA-R.S. 23:1032 was amended to designate the existing paragraphs as subsections and to add certain language.