# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 06-236

**STEWART HEAD, ET AL.**

**VERSUS**

**CONTINENTAL CASUALTY COMPANY, ET AL.**

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20050138
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**John Fayne Wilkes, III**
**Lisa Eve Mayer**
**Borne, Wilkes**
**P. O. Box 4305**
**Lafayette, LA 70502-4305**
**(337) 232-1604**
**Counsel for Intervenors/Appellants:**
**Risk Management, Inc.**

**Joel Edward Gooch**
**Allen & Gooch**
**P. O. Drawer 3768**
**Lafayette, LA 70502-3768**
**(337) 291-1210**
**Counsel for Defendants/Appellees:**
**Continental Casualty Company**
**Kyle Sherman**
**Charles Brandt**

**William Stafford Neblett**
**Neblett, Beard & Arsenault**
**P. O. Box 1190**
**Alexandria, LA 71309-1190**
**(318) 487-9874**
**Counsel for Plaintiffs/Appellees:**
**Stewart Head**
**Stacy Head**

**EZELL, JUDGE.**

This case involves a legal malpractice suit filed by Stewart and Stacy Head against Kyle Sherman and Charles Brandt, d/b/a the Law Offices of Charles Brandt, and Continental Casualty Company. The suit arose from a failure to timely file another suit concerning an automobile accident Stewart Head was involved in. In this appeal, Risk Management, Inc. appeals the judgment of the trial court granting an exception of no cause of action in favor of the Heads, the prior attorneys, and Continental, thereby dismissing Risk Management's intervention in the suit between the other parties. For the following reasons, we affirm the decision of the trial court.

On July 24, 2002, Stewart Head was driving a vehicle owned by the City of Abbeville, in the course and scope of his employment, when his vehicle was struck by Luby Landry. Mr. Head suffered injuries to his back, requiring surgery. Mr. Head was paid medical and indemnity benefits by Risk Management, the City of Abbeville's workers' compensation insurer. The Heads chose Mr. Sherman as their attorney and filed suit against Mr. Landry. Risk Management intervened in the suit against Mr. Landry to recover $132,299.00 in medical and compensation benefits paid to Mr. Head resulting from the accident. However, the suit against Mr. Landry was not filed timely and was dismissed on an exception of prescription.

The Heads then filed this suit against Mr. Sherman, his law firm, and their malpractice insurer, for the failure to timely file the previous suit. Risk Management again intervened, claiming that it was unable to recover its subrogation claim against Mr. Landry because of the actions of Mr. Sherman, and seeking to recover those amounts in the current malpractice claim. Both Mr. Sherman and the Heads filed exceptions of no cause of action, which were granted by the trial court, dismissing Risk Management's claims. From that decision, Risk Management appeals.

1

Risk Management asserts as its lone assignment of error that the trial court erred in granting the exception of no cause of action. We disagree.

The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. *Everything on Wheels Subaru, Inc. v. Subaru, Inc.*, 616 So.2d 1234, 1238 (La.1993). No evidence may be introduced to support or controvert an exception of no cause of action. La. Code Civ.P. art. 931. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. *Jackson v. State ex rel. Dept. of Corrections*, 00-2882 (La. 5/15/01), 785 So.2d 803; *Everything on Wheels Subaru*, 616 So.2d 1234. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Montalvo v. Sondes*, 93-2813 (La. 5/23/94), 637 So.2d 127.

Louisiana Code of Civil Procedure Article 1091 states that:

> A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
>
> (1) Joining with plaintiff in demanding the same or similar relief against the defendant;
>
> (2) Uniting with defendant in resisting the plaintiff's demand; or
>
> (3) Opposing both plaintiff and defendant.

Louisiana Revised Statutes 23:1101 states, in pertinent part (emphasis added):

> B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter *may bring suit in district court against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. . . .*
>
> C. For purposes of this Section, *"third person" shall include any party who causes injury to an employee at the time of his employment or at any time thereafter provided the employer is obligated to pay*

2

*benefits under this Chapter because the injury by the third party has aggravated the employment related injury.*

It is clear from a reading of the above statute that Risk Management does not have a cause of action against Mr. Sherman and Continental. Simply put, the alleged legal negligence committed by Mr. Sherman did not cause an injury to Mr. Head that obligated Risk Management to pay any benefits, nor did it aggravate the physical injury which created the obligation. The injury that obligated Risk Management to pay Mr. Head was separate from the alleged malpractice and was caused by Mr. Landry alone. Therefore, Mr. Sherman and his firm are not "third persons" that can be sued by Risk Management under La. R.S. 23:1101, and Risk Management is not legally entitled to the relief sought[1].

The decision of the trial court is hereby affirmed. Costs of this appeal are assessed against Risk Management.

**AFFIRMED.**

---

[1] Risk Management had the right to file suit against Mr. Landry because he caused an injury to Mr. Head that obligated it to pay Mr. Head benefits. However, it chose not to exercise that right and file suit against Mr. Landry independently, but rather, it chose to intervene in the Heads' suit, which was prescribed.