DENNIS R. BAGNERIS, Sr., Judge.
|TThe Appellant, Tony DeClues, appeals the decision of the Office of Worker’s Compensation granting summary judgment in favor of the Appellee, Caraba Engineering, Inc., and dismissing the claimant’s case with prejudice. We affirm.
Caraba Engineering, Inc. (Caraba) purchased real estate located at 8616, 8618, 8620 and 8622 Willow Street in New Orleans. Caraba contracted with Real Estate Unlimited (REU) to renovate the houses. The contract included “roofing” as an item to be done. REU hired a freelance roofer, Teddy Wallace, who in turn hired Mr. DeClues to work on the project. On October 7, 2003, Mr. DeClues fell and was injured while fixing the roof.
Mr. DeClues filed a Worker’s Compensation Claim against Caraba on January 27, 2004. Caraba filed a Motion for Summary Judgment that was granted by the Office of Worker’s Compensation. It is from this judgment that Mr. DeClues takes the instant appeal.
In his sole assignment of error, Mr. DeClues maintains that the Office of Worker’s Compensation erred in finding that Caraba was not a statutory employer and granting the defendant summary judgment. “Appellate courts review summary ¡¿judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.” Independent Fire Insur *713 ance Co. v. Sunbeam Corp., 99-2181, 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 230; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991).
Mr. DeClues maintains that the Office of Worker’s Compensation erred in granting the summary judgment in favor of Caraba based upon the “two-contracts” theory in La. R.S. 23:1061, discussed infra. Specifically, Mr. DeClues argues that Caraba was his statutory employer and the “two-contracts” theory applied by the Office of Worker’s Compensation was an exception to the general rale of statutory employment.
Caraba argues that there was no statutory relationship between the parties and that Mr. DeClues offered no evidence to support his argument when the contract between Caraba and REU is clear and unambiguous.
The Office of Worker’s Compensation reasoned that Caruba’s primary trade and business was as a structured (meaning civil) engineering firm that designed, rather than constructed projects. It further reasoned that Caraba contracted with REU and that there was no “two-party” contract pursuant to La. R.S. 23:1061. We agree.
Statutory Employment is governed by La. R.S. 23:1061, which reads:
1061. Principal contractors; liability
A. (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any “principal” as defined in R.S. 23:1032(A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the “contractor”, for the execution by or under the contractor of the whole or any part of the work [..¡undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. For purposes of this Section, work shall be considered part of the principal’s trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal’s goods, products, or services.
(2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee’s immediate employer.
(3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor’s employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee’s immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory *714 employer relationship between the principal and the contractor’s employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal’s goods, products, or services.
Caruba is not considered a “principal” under the law. “[T]he word ‘principal’ shall be defined as any person who undertakes to execute any work |4which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.” LSA-R.S. 23:1032(A)(2).
Caruba simply owned the property where Mr. DeClues just happened to be working on the roof. Caruba contracted with REU who hired Ms. Wallace who then contracted with Mr. DeClues. The “two contract” defense applies when: (1) the principal enters into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in order for the principal to fulfill its contractual obligation to perform the work, the principal enters into a subcontract for all or part of the work performed. Beddingfield v. Standard Construction Company, 560 So.2d 490, 491-92 (La.App. 1 Cir.1990); Aetna Casualty and Surety Company v. Schwegmann Westside Expressway, Inc., 516 So.2d 412, 413 (La.App. 1 Cir.1987); Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Authority 2002-1072, 842 So.2d 373, 379, (La.4/09/03).
There is no language in the contract between Caruba and REU describing Ca-ruba as a “statutory employer.” The law clearly indicates that Caruba cannot be held liable for the injuries suffered by Mr. DeClues and further, Mr. DeClues failed to support his claim.
Decree
The judgment of the Office of Worker’s Compensation granting summary judgment in favor of Caruba is affirmed.
AFFIRMED.
CANNIZZARO, J., concurs with reasons.