977 So.2d 1096 (2008)
Jimmy BOYKIN
v.
Ray PLESCIA and LWCC.
No. 2007-CA-0619.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 2008.
Salvador M. Brocato III, Law Office of Salvador M. Brocato, III, APLC, Metairie, LA, for Plaintiff/Appellee.
Debra Talbot Parker, Johnson, Stiltner & Rahman, Baton Rouge, LA, for Defendant/Appellant.
Court composed of Judge DENNIS R. BAGNERIS, SR., Judge TERRI F. LOVE, and Judge LEON A. CANNIZZARO, JR.
DENNIS R. BAGNERIS, SR., Judge.
he Appellants, Ray Plescia and the Louisiana Workers' Compensation Corporation appeal the judgment of the trial court denying their Motion for Summary Judgment and granting a Motion for Summary Judgment in favor of the Appellee, Jimmy Boykin. We affirm.
The facts of this case are not in dispute. Mr. Boykin was injured while employed by Mr. Plescia on May 8, 1996. The Louisiana Workers' Compensation Corporation (the "LWCC") insured Mr. Plescia and as a result of the accident, Mr. Boykin was awarded a total of $236,000 in medical expenses and indemnity benefits. On May 13, 2005, the LWCC terminated Mr. Boykin's benefits when it learned that Mr. Boykin settled a case that the arose from *1097 Mr. Boykin's accident. Mr. Boykin filed a 1008 dispute in an effort to have his benefits reinstated. He then filed a Motion for Summary Judgment which was denied by the trial court and again by this Court holding that the ". . . judge did not err in the denying relator's motion for summary judgment pending discovery."[1] After discovery, both parties filed cross Motions for Summary Judgment. In a judgment signed November 28, 2006, the trial judge denied summary judgment as to the LWCC and granted as to Mr. Boykin finding that Mr. Boykin's termination of benefits was in error; that his benefits were to be fully reinstated, that the LWCC is not entitled to any credit from Mr. Boykin and that the LWCC was arbitrary and capricious in terminating Mr. Boykin's benefits.[2] It is from this judgment that Mr. Plescia and the LWCC take the instant appeal.
The Appellants offer the following three assignments of error, (1) that the trial court erred in denying the defendant's Motion for Summary Judgment when it is undisputed that there was no written consent by the LWCC of the tort litigation of the May 8, 1996 work accident; (2) that the trial court erred in granting the claimant's Motion for Summary Judgment and ignoring La. R.S. 23:1101 regarding the forfeiture of worker's compensation benefits; and (3) the trial court erred in holding that the LWCC was "arbitrary" and "capricious" for the proper termination of worker's compensation benefits in accordance with the Louisiana Workers' Compensation Act.
Although the Appellants offer three assignments of error, we find that the sole issue before this Court is whether the district court erred in granting Mr. Boykin's summary judgment in light of La. R.S. 23:1101.
"Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate." Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 230; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991); DeClues v. Carubba Engineering, Inc. XXXX-XXXX (La.App. 4 Cir. 3/28/07) 955 So.2d 711.
The record reveals that Mr. Boykin hired Van Robichaux as an attorney to represent him in a third-party tort action arising from Mr. Boykin's accident. Mr. Robichaux filed Mr. Boykin's claim against the improper parties and the matter prescribed. Afterwards, Mr. Boykin hired Attorney Glynn Godwin to represent him in a malpractice case against Mr. Robichaux. Mr. Godwin dismissed the claim and it was later determined that the legal malpractice claim against Mr. Robichaux had prescribed. From there, Mr. Boykin hired Attorney Dan Robin who represented him in a malpractice suit against Glynn Godwin which was settled on March 3, 2004, for a total of $399,000. In an affidavit by Dan Robin he swore that the settlement for the legal malpractice claim was for Mr. Boykin's "pain and suffering, disability rating, loss of consortium claims of his wife and children and unpaid portions of his salary. The settlement did not include any funds for medical expenses and/or wage benefits paid by the LWCC."
La R.S. 23:1101, Employee and employer suits against third persons; effect on right to compensation, states:

*1098 A. When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as "third person") other than those persons against whom the said employee's rights and remedies are limited in R.S. 23:1032, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.
B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit in district court against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. The recovery allowed herein shall be identical in percentage to the recovery of the employee or his dependents against the third person, and where the recovery of the employee is decreased as a result of comparative negligence, the recovery of the person who has paid compensation or has become obligated to pay compensation shall be reduced by the same percentage. The amount of any credit due the employer may be set in the judgment of the district court if agreed to by the parties; otherwise, it will be determined pursuant to the provisions of R.S. 23:1102(A).
C. For purposes of this Section, "third person" shall include any party who causes injury to an employee at the time of his employment or at any time thereafter provided the employer is obligated to pay benefits under this Chapter because the injury by the third party has aggravated the employment related injury. (emphasis added).
La R.S. 23:1102 A(1), Employee or employer suits against third persons causing injury; notice of filing, states:
If either the employee or his dependent or the employer or insurer brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit.
The trial court determined in its Reasons for Judgment that the lawsuit against Mr. Godwin did not constitute a third-party suit under the statute, it concluded:
Clearly the legal malpractice by Robichaux and the subsequent legal malpractice by Godwin did not cause injury to claimant at the time of his employment.[3] Hence the lawsuit against Glyn [sic] Godwin was not against a "third person" because the timing of the events of malpractice occurred long after the employment ended.
The trial court is correct. This Court finds that the suit for malpractice filed by Mr. Boykin is a separate and distinct action that arose from his initial accident but manifested itself into a claim that went beyond the scope of his injuries. *1099 The LWCC's argument that "Mr. Robichaux, his (Mr. Boykin's) original legal malpractice attorney, caused him (Mr. Boykin) injury and the injury by the third party has aggravated the employment related injury," is without merit. Further, the record supports that the LWCC had ample notice of the pending litigation and could have intervened if it so desired (even if the LWCC would have been dismissed by the district court).
Specifically, the LWCC seeks reimbursement of its $236,000 lien for payment or in the alternative, a credit in the amount of $300,000 of the settlement Mr. Boykin received. The LWCC maintains that Mr. Boykin admitted that he never received written approval of the settlement from his employer or the insurer as required by law. However, we have determined, as did the district court, that the malpractice suit and subsequent settlement was not a suit against a third-party under the statute discussed above and no written approval was warranted. Further, in a letter dated February 7, 2003, counsel for the LWCC assured Mr. Boykin that "[i]t is my understanding that Mr. Robin's client is only seeking damages for pain and suffering and unpaid portions of his salary. If this is the case, then I agree that LWCC is not entitled to any portion of the third party settlement funds . . ."
A de novo review reveals that Mr. Boykin supported his Motion for Summary Judgment by submitting evidence of correspondence to the LWCC of his pending claim in which he received a response. Further, Mr. Plescia and the LWCC failed to provide the trial court with' evidence sufficient to dispute Mr. Boykin's claim and to support their Motion for Summary Judgment.

Decree
For the reasons above, we affirm the judgment of the district court granting summary judgment as to Jimmy Boykin. Further, we find that there was no error by the district court in denying summary judgment as to Mr. Ray Plescia and the Louisiana Workers' Compensation Corporation. The Appellants are not entitled to any reimbursement of relief.
AFFIRMED.
CANNIZZARO, J., concurring with reasons.
I concur with the result reached by the majority and write separately to elaborate on the issues presented for review.
In Head v. Continental Casualty Company, 06-236 (La.App. 3 Cir. 5/31/06), 931 So.2d 1192, writ denied, XXXX-XXXX (La.9/29/06), 937 So.2d 866, the Third Circuit, in a case similar to the one at hand, considered whether an attorney who failed to timely file a personal injury suit arising from his client's work related accident was a "third person" within the meaning of La. R.S. 23:1101. In that case, the claimant, Mr. Head, was injured while driving a vehicle owned by his employer, the City of Abbeville, in the course and scope of his employment, when the vehicle was struck by Mr. Landry. Risk Management, the city's workers' compensation insurer, paid medical and indemnity benefits to Mr. Head. Mr. Head retained attorney Kyle Sherman of the Law Offices of Charles Brandt, to file a personal injury suit against Mr. Landry. Risk Management intervened in the suit to recover the $132,299.00 in compensation and medical benefits it had paid to Mr. Head. However, the suit against Mr. Landry was not filed timely and was dismissed on an exception of prescription.
Mr. Head then filed suit against Mr. Sherman, his law firm, and their malpractice insurer, for the failure to timely file the personal injury suit. Risk Management *1100 again intervened, claiming it was unable to recover its subrogation claim against Mr. Landry because of Mr. Sherman's negligence, and seeking to recover those amounts in the current malpractice suit. Both Mr. Head and Mr. Sherman filed exceptions of no cause of action, which the trial court granted dismissing Risk Management's claims.
On appeal, the Third Circuit found that the alleged legal negligence committed by Mr. Sherman did not cause an injury to Mr. Head that obligated Risk Management to pay benefits, nor did it aggravate the physical injury which created the obligation. The court concluded that the injury that obligated Risk Management to pay Mr. Head was separate from the alleged malpractice and was caused by Mr. Landry alone. Thus, the court held, Mr. Sherman and his law firm were not "third persons" that could be sued by Risk Management under La.R.S. 23:1101 C. Id., at p. 3, 931 So.2d at 1194.
Here, the legal malpractice of Mr. Boykin's previous attorneys, Mr. Robichaux and Mr. Godwin, did not cause an injury to him that obligated Mr. Plescia (his employer) and the LWCC (his employer's insurer) to pay any benefits. In fact, Mr. Boykin never suffered any interruption of his benefits despite the malpractice of his previous attorneys. Thus, it cannot be said that the malpractice caused any injury at any time to Mr. Boykin.
Additionally, the legal malpractice did not aggravate or make worse the physical injury Mr. Boykin initially suffered which created the obligation of Mr. Plescia and the LWCC. The injury that obligated Mr. Plescia and the LWCC to pay Mr. Boykin compensation benefits was separate from the attorneys' malpractice and was caused b the initial tortfeasor(s) in the work-related accident.[1] Thus, the negligent attorneys are not third persons that can be sued by Mr. Plescia and the LWCC under La. R.S. 23:1101.
I also note that, as in Head, Mr. Plescia and the LWCC had the right to file suit against the initial tortfeasor(s) who had caused Mr. Boykin's injury in the workrelated accident because that injury obligated them to pay him medical and compensation benefits. They did not exercise that right and file suit against the initial tortfeasor(s) independently, but rather chose to intervene in Mr. Boykin's suit which had prescribed.
Furthermore, I agree with the majority that Mr. Plescia and the LWCC were arbitrary and capricious in terminating the benefits. Although the OWC judge and the majority only considered the fact that the negligent attorneys did not cause Mr. Boykin's injuries "at the time of his employment," they made no reference to the "at any time thereafter" language in La. R.S. 23:1101 C. In this case, the attorneys' malpractice did not cause an injury to the employee "some time thereafter" if the medical treatment and/or compensation benefits are delayed or denied, for whatever reason, thereby exacerbating the initial injury, and the claimant's only relief was a favorable judgment in the personal injury claim for damages against the initial tortfeasors but the claim had prescribed. In such a case, the negligent attorney could be considered a "third person" within the context of La. R.S. 23:1101 C.
Finally, although La. R.S. 23:1102 A requires the employee to notify the employer and the compensation insurer when suit is filed and La.R.S. 23:1102 B requires the *1101 employee to obtain written approval of the compromise from the employer and the compensation insurer of risk forfeiture of the right to future benefits, I agree with the OWC judge that Mr. Plescia and the LWCC were not justified in terminating the benefits unilaterally, La. R.S. 23:1201 H provides that in the event the employer or the insurer wants to discontinue the payment of benefits for any cause, the party shall notify the OWC in the manner prescribed by the rules of the director that payments have been suspended. In this case, the record indicates that Mr. Plescia and the LWCC were aware that Mr. Boykin had filed a legal malpractice suit against his prior attorney. Considering that fact, once they discovered that Mr. Boykin had settled the suit without their prior approval and believed their subrogation rights were jeopardized, they were required to notify the OWC pursuant to La. R.S. 23:1101 H by filing a Form LDOL-WC-1008 to dispute the claim, but failed to do so. Thus, I agree with the majority that the OWC judge did not err in finding Mr. Plescia and the LWCC were arbitrary and capricious in terminating Mr. Boykin's benefits and assessing penalties and attorney fees against them.
NOTES
[1] Jimmy Boykin v. Ray Plescia, et al., 2006-C-0893.
[2] The judgment was designated by the trial court as a "Partial Appealable Summary Judgment pursuant to C.C.P. 1915 B."
[3] Emphasis added by the trial court.
[1] The record in this case does not contain a copy of the petition filed by Mr. Boykin in his personal injury suit arising out of the May 8, 1996 work-related accident. Thus, the names of the alleged tortfeasors in that suit are not ascertainable from this record.