BONIN, J.,
concurs in part and dissents in part and assigns written reasons.
|¶1 respectfully concur in the result insofar that ExxonMobil Oil Corporation (Exxon) is the statutory employer of Mr. St. Angelo and Mr. Bordelon. The services or work provided by S.J. Owens Enterprises, Inc., their immediate employer, was con *375 templated by the Operating Agreement between Exxon, the principal, and Chal-mette Refining, LLC, a third party. See La. R.S. 23:1061 A(2) (“A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee’s immediate employer.”) See also Allen v. State, Ernest N. Morial-New Orleans Exhibition Hall Authority, 02-1072 (La.4/9/03), 842 So.2d 373.
I respectfully dissent from the result insofar as Chalmette Refining is their statutory employer. Chalmette Refining is the owner of the property. For it to be considered a “principal” under La. R.S. 23:1032 A(2) and 1061 A, which might then entitle it to tort immunity as an additional statutory employer, there must be at least “a written contract between the principal and a contractor which is the 12employee’s immediate employer or his statutory employer, which recognizes the principal as a statutory employer.” La. R.S. 23:1061 A(3) (emphasis added). In my view, Chalmette Refining is not a party to the Continuing Services Agreement with S.J. Owens Enterprises, Inc., the immediate employer, which does contain in Article 14 an appropriate acknowledgement of the statutory employer relationship. Chalmette Refining is a party to the Operating Agreement with Exxon, the statutory employer, but that contract has no recognition of a statutory employer relationship. See DeClues v. Carubba Engineering, Inc., 06-1336, p. 4 (La.App. 4 Cir. 3/28/07), 955 So.2d 711, 714.
Article VII of the Operating Agreement provides:
It is not the intention of this Operating Agreement to create, nor shall this Operating Agreement be deemed or construed to create, a company, joint venture, association, partnership, consortium or trust, not to authorize the Operator [Exxon] to bind the Owner [Chalmette Refining] for any purpose whatsoever except as explicitly set forth in this Operating Agreement. In their relations with each other under this Operating Agreement, neither the Operator, the Owner nor any Member shall be considered the fiduciary of any other party.
The mandate of Chalmette Refining to Exxon is not a general mandate. See La. Civil Code art. 2994. Moreover, Chal-mette Refining is not identified as a “User” or “Contractor” in the Continuing Services Agreement; in it Exxon did not disclose any status as a mandatory. See La. Civil Code art. 3017. Therefore, I see no basis to incorporate or interpolate Chalmette Refining as a party to the Continuing Services Agreement, directly or indirectly. Accordingly, I dissent from affirming the district court’s granting of summary judgment in favor of Chalmette Refining and would remand that cause of action to the district court.