[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12480

Non-Argument Calendar

_____

LARRY E. KLAYMAN,

Plaintiff-Appellant,

*versus*

CABLE NEWS NETWORK,
a.k.a. CNN,
OLIVER DARCY,
JEFFREY ZUCKER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-82039-AMC

_____

Before NEWSOM, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Larry Klayman sued Cable News Network (CNN), its President Jeffrey Zucker, and CNN reporter Oliver Darcy for defamation after a CNN article mentioned him in 2020. We affirm the district court's dismissal as to Zucker and Darcy for lack of personal jurisdiction, and we affirm its dismissal as to CNN on the ground that Klayman's complaint was a shotgun pleading.

I

Klayman is an attorney who represents a virologist who went on national TV and accused Dr. Anthony Fauci, Director of the National Institute of Allergy and Infectious Diseases, of sending the "seeds" of COVID-19 to a lab in Wuhan, China. Soon afterward, CNN reporter Oliver Darcy wrote an online article discussing Sinclair Broadcasting Group's plan to air the interview nationwide. The article was titled "Local TV stations across the country set to air discredited 'Plandemic' researcher's conspiracy about Fauci." It described Klayman as "a right-wing lawyer who also has a history of pushing misinformation and representing conspiracy theorists." Darcy did not travel to Florida during newsgathering

for this story, but he did email Klayman—who lives in Florida—asking for comment.

When Sinclair Broadcasting decided to delay the broadcast, Darcy published a follow-up article: "Sinclair says it will postpone and 'rework' segment featuring conspiracy theory about Fauci." He again requested comment from Klayman, who responded by affirming his client's claims and threatening to sue CNN.

Klayman filed this defamation suit shortly afterward in Florida state court. The defendants removed to federal court. Klayman asked for jurisdictional discovery in his response to the defendants' motion to dismiss in February 2021. The district court, though, granted the individual defendants' motions for dismissal under Rule 12(b)(2) for lack of personal jurisdiction and CNN's motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The court dismissed the complaint without prejudice and gave Klayman a few weeks to file an amended complaint resolving its "shotgun pleading" issues. Klayman instead chose to appeal.

## II

Whether personal jurisdiction exists is a question of law subject to *de novo* review. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009)).

### III

We agree with the district court that we lack personal jurisdiction over Zucker and Darcy.

Determining personal jurisdiction requires a two-part analysis. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). First, we consider whether jurisdiction exists under the state long-arm statute. *Id.* Second, we determine whether "sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *International Shoe Co. v. Washington Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)) (secondary internal quotation omitted).

Under the Florida long-arm statute, there are two ways the state may exercise personal jurisdiction over a defendant. First, the defendant may be subject to general personal jurisdiction—jurisdiction over any claims against the defendant, regardless of whether they involve Florida-based activities—if the defendant has conducted "substantial and not isolated activity" in Florida or is a citizen of the state. Fla. Stat. Ann. § 48.193(2) (West). Second, the defendant may be subject to specific personal jurisdiction "for any cause of action arising from . . . (2) [c]ommitting a tortious act within this state." *Id.* § 48.193(1)(a)(2).

"In Florida, before a court addresses the question of whether specific jurisdiction exists under the long-arm statute, the

22-12480            Opinion of the Court                    5

court must determine 'whether the allegations of the complaint state a cause of action.'" *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 808 (11th Cir. 2010) (quoting *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002)). The same is true of general jurisdiction. *Id.* at 808 n.9. To state a cause of action in Florida for the tort of defamation, a plaintiff must allege (1) publication; (2) falsity; (3) that the statement was made with knowledge or reckless disregard as to the falsity on a matter concerning a public official or figure, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) that the statement was defamatory. *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018) (citing *Jews for Jesus, Inc. v. Rapp*, 977 So. 2d 1098, 1106 (Fla. 2008)). We must first address the state-law components of this test before considering federal public-figure issues. *Brewer v. Memphis Pub. Co.*, 626 F.2d 1238, 1241–42 (5th Cir. 1980).

Klayman has failed to state a cause of action for defamation as to both Zucker and Darcy because he has not alleged facts that show the necessary element of publication. The Florida Supreme Court has been clear that an allegedly defamatory statement posted online "about a Florida resident must not only be *accessible* in Florida, but also be *accessed* in Florida in order to constitute the commission of the tortious act of defamation within Florida under [§] 48.193(1)(b)." *Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 1203 (Fla. 2010). "When the posting is then accessed by a third party in Florida, the material has been 'published' in Florida and the poster has communicated the material 'into' Florida, thereby

6                    Opinion of the Court                    22-12480

committing the tortious act of defamation within Florida." *Id.* at 1214–15; *see also Fraser v. Smith*, 594 F.3d 842, 847 (11th Cir. 2010) (stating in a case dealing with Florida's general personal jurisdiction that "the mere existence of a website that is visible in a forum . . . is not enough, by itself, to subject a defendant to personal jurisdiction in that forum") (quoting *McBee v. Delica Co.*, 417 F.3d 107, 124 (1st Cir. 2005)).

In Klayman's state-court complaint, he alleged that the defendants "published in this circuit, nationally and internationally that [sic] 'Larry Klayman, a right-wing lawyer, (who) has a history of pushing misinformation and representing conspiracy theorists.'" Notably, he did not allege that anyone in Florida had "accessed" the material. In defending against the defendants' motion to dismiss, Klayman argued that this allegation was sufficient. "The Complaint alleged that the Darcy Article was 'published in this circuit, nationally, and internationally. Thus, it is clear that the Darcy Article was accessed in Florida, thereby satisfying the long-arm statute." In response to his opponents' arguments that this allegation was inadequate to satisfy Florida's long-arm statute, Klayman dropped a footnote:

> Defendants assert that the Complaint does not specifically allege that the Darcy Article was accessed in Florida. This ignores the fact that the Darcy Article was published on CNN, one of the largest news websites in the world. The fact that the Darcy Article was published in this circuit means that it was also accessed in this circuit. *However, should the Court find*

> *Mr. Klayman's complaint deficient in this regard, Mr.*
> *Klayman respectfully requests leave to amend.*

Doc. 22 at 3 n.1 (emphasis added).  The district court granted the defendants' motion to dismiss without prejudice and gave Klayman "**one final opportunity** to file an amended pleading consistent with this Order on or before **July 15, 2022**.  Any such amended pleading," the court instructed, "must adequately allege facts sufficient to establish the Court's exercise of personal jurisdiction over all defendants, must avoid the pitfalls of shotgun pleadings; and must plausibly allege all essential elements of any defamation claims."  Klayman did not amend his complaint; instead, he waited until July 22, 2022 and filed a notice of appeal.

Klayman now asserts that amendment would have been futile, and for support he points to the district court's citation of *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001), and a parenthetical explanation that "amendment need not be allowed where it would be futile."  But Klayman's argument founders on the terms of the district court's decree, which expressly allowed him "one final opportunity to file an amended pleading consistent with this Order."  It would have made little sense for the district court to give Klayman a chance to amend while subtly suggesting (via a citation parenthetical) that an amendment would be viewed with disfavor.  Rather, the far more sensible explanation of the district court's order is the defendants': "[T]he district court cited *Bryant v. Dupree* in dismissing Klayman's defamation claims to the extent they were based on the characterization of Klayman as a 'right-

wing lawyer,' not as support for finding that *any* amendment of the Complaint would be futile."[1]

It is true that although he now has formal representation, Klayman was *pro se* at the time he filed his state-court complaint. Even so, while we construe *pro se* pleadings liberally, we will not "serve as *de facto* counsel" or "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). Further, although Klayman was nominally *pro se*, he listed his Florida bar license number at the end of his complaint and (correctly) represented himself as an attorney. The district court was correct not to excuse Klayman's failures to adequately allege a defamation claim given his credentials and the complaint's grievous issues.

For these reasons, we affirm the district court's holding that we lack personal jurisdiction over both Zucker and Darcy.

---

[1] Though the district court denied Klayman's request for jurisdictional discovery, it is irrelevant to the failure-to-state-a-claim analysis because he did not request discovery about the dispositive issue of whether the article had been accessed in Florida. Instead, he requested discovery to disprove that Zucker and Darcy were citizens of the state of New York and show that they were, in fact, citizens of Florida. When our Circuit has reversed a district court's denial of jurisdictional discovery, the plaintiffs had generally sought the jurisdictional facts needed to address the issue underlying the district courts' dismissals and had already served interrogatories to request them. *See, e.g.*, *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1339–40 (11th Cir. 2017); *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 730 (11th Cir. 1982).

## IV

We also affirm the district court's dismissal of the complaint as to CNN because it is a classic shotgun pleading. We will construe Klayman's appellate brief generously so as not to have abandoned argument about the shotgun-pleading issue. Nonetheless, we agree with the district court that Klayman's pleading fails to meet Rule 8 requirements.

"We review a dismissal on Rule 8 shotgun pleading grounds for abuse of discretion." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018). "Shotgun pleadings violate Rule 8, which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* at 1294–95 (quoting Fed. R. Civ. P. 8(a)(2)). These pleadings fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before . . . ." *Id.* at 1321. This complaint is a classic shotgun pleading that violates Rule 8 because it contains multiple counts of defamation that each adopt the allegations of all preceding counts. Klayman's complaint, that is, does not simply adopt *facts* supporting preceding counts, which would be permissible under *Weiland*. *Id.* at 1324. Rather, the complaint adopts its *legal* "allegations" in the preceding paragraphs of the Complaint repeatedly. The distinction is

dispositive under *Weiland* because it deprives defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

The district court did not abuse its discretion in dismissing the complaint as to defendant CNN.

## V

For all these reasons, we **AFFIRM** the district court's dismissal for lack of personal jurisdiction as to defendants Darcy and Zucker, and we **AFFIRM** the district court's dismissal for a Rule 8 violation as to defendant CNN.